STATE of North Dakota, Plaintiff
and Appellee,

v.

Mario SAAVEDRA, Defendant
and Appellant.

Crim. No. 1166.

Supreme Court of North Dakota.

Nov. 18, 1986.

Wayne D. Goter, Asst. State's Atty., Mandan, for plaintiff and appellee.

Marvin M. Hager, Bismarck, for defendant and appellant.

LEVINE, Justice.

Mario Saavedra appeals his conviction for disorderly conduct. He argues that the trial court erred in not suppressing evidence of his conduct and in instructing the jury to disregard the legality of the original citation. We affirm.

On August 25, 1985, at approximately 3:20 a.m., Deputy Snider stopped to investigate a van parked off the road in a grove

of trees. Without a search warrant, Snider opened the van door and saw two open containers. He then observed Saavedra and a companion. While Saavedra was being cited for open container, Deputy Stevens arrived and was instructed by Snider to question Saavedra's companion. As Stevens proceeded toward the van, Saavedra left the patrol car, ignoring Snider's request to stay put, and attempted to return to his van. A scuffle ensued with both officers eventually subduing Saavedra, who was then charged with disorderly conduct.

Prior to trial, Saavedra filed a motion to suppress the evidence of his disorderly conduct on the ground that it was obtained as the result of an illegal search and seizure. Saavedra's motion was denied and he was subsequently convicted of disorderly conduct by a jury.

On appeal, Saavedra claims that Deputy Snider's acts of opening the van door without a search warrant and subsequently detaining him in the patrol car constitute an unreasonable search and seizure, and that any evidence of Saavedra's conduct should have been suppressed as fruit of the poisonous tree. The State's response, in essence, is that the disorderly conduct was not gathered by exploitation of the prior illegality and that Saavedra's conduct constituted an independent and intervening act beyond the scope of the exclusionary rule. These arguments were unanswered by Saavedra either in a reply brief or at oral argument.

■ Because the State does not dispute the illegality of the original search and seizure, our analysis is based on that premise. The dispositive issue is whether, granting establishment of the primary illegality, the evidence sought to be suppressed was gathered "by exploitation of that illegality, or instead by means sufficiently distinguishable to be purged of the primary taint." *Wong Sun v. United States*, 371 U.S. 471, 488, 83 S.Ct. 407, 417, 9 L.Ed.2d 441, 455 (1963). *See also State v. Bale*, 267 N.W.2d 730, 732 (Minn.1978). Factors that have a bearing on this issue include the temporal proximity of the il-

legality and the fruit of that illegality, the presence of intervening circumstances, and the purpose and flagrancy of the police misconduct. *See State v. Bale, supra* at 733. The flagrancy of the police misconduct is particularly important because the purpose of the exclusionary rule is to deter police misconduct. *State v. Bale, supra.* However, this purpose does not justify the extension of the exclusionary rule to suppress evidence of independent crimes occurring in response to an unlawful search or arrest. W. LaFave, Search and Seizure, § 11.4(j) (1978).

In *State v. Indvik*, 382 N.W.2d 623 (N.D. 1986), we held that the defendant's independent and intervening actions broke the chain of causation and dissipated the taint of a prior illegality. We concluded that although there was insufficient justification to stop Indvik's vehicle, Indvik's independent and intervening actions of engaging the officers in a high speed chase, running from the police officers into the woods, drawing a firearm on the police officer—and actually firing it—created probable cause for his arrest on the charge of terrorizing. We also held that a firearm taken from Indvik following his arrest was admissible because Indvik's actions dissipated the taint of the invalid stop.

■ In this case, Saavedra ignored Deputy Snider's request to remain in the patrol car, attempted to walk past Deputy Stevens to return to his van before the officers completed their investigation, and engaged in a scuffle with the officers. These actions broke the chain of causation and dissipated the taint of the prior illegal search. The evidence supporting Saavedra's conviction for disorderly conduct resulted from his own willful acts, not from an exploitation of the prior illegal search. Nor does the record reflect evidence of flagrant police misconduct such as intentional harassment or the use of excessive force. Therefore, the trial court did not err in refusing to suppress the evidence of disorderly conduct.

■ The second issue raised by Saavedra is whether the jury was properly instructed not to consider the legality of the open

container citation in reaching a verdict on the disorderly conduct charge.

The legality of the open container citation was not relevant to the determination of whether Saavedra's subsequent conduct was lawful because his actions were independent and intervening acts which broke the chain of causation and dissipated the taint of any prior illegality. Furthermore, the question of whether the officers' conduct violated constitutional prohibitions against unreasonable search and seizure is a question of law. *See City of Langdon v. Delvo*, 390 N.W.2d 51 (N.D.1986). Questions of law are to be decided by the court and not by the jury. NDCC § 29–21–03. Therefore, the jury was properly instructed not to consider the legality of the original citation.

The judgment is affirmed.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and GIERKE, JJ., concur.