1999 ND 49

**CITY OF BISMARCK, Plaintiff and Appellee,**

v.

**Tony TOWNE, Defendant and Appellant.**

**Nos. 980315, 980317.**

Supreme Court of North Dakota.

March 18, 1999.

Paul H. Fraase, City Prosecutor, Bismarck, N.D., for plaintiff and appellee.

Tony Towne, pro se, Fairmont, MN, defendant and appellant.

NEUMANN, Justice.

[¶ 1] Tony Towne appeals from the judgment entered on a jury verdict finding him guilty of three counts of failure to obey parking citations. We affirm.

I

[¶ 2] Between May 1997 and January 1998, the City of Bismarck issued three parking tickets to Tony Towne. On May 14, 1997, the City issued a $10 ticket for parking within ten feet of a crosswalk. On December 26, 1997, the City issued a $10 ticket for parking in a no parking zone. And, on January 21, 1998, the City issued a $5 ticket for allowing the time to expire in a 60–minute parking zone. The three tickets went unpaid. Ultimately, the City issued a summons charging Towne with violating Bismarck Ordinance 12–10–10, failure to obey parking citation.

[¶ 3] The three parking violations were consolidated for jury trial. A jury trial was held in district court on September 8, 1998. The jury returned a guilty verdict as to all three counts.

[¶ 4] Towne appeals, arguing the district court gave improper jury instructions, and the City did not meet its burden in proving Towne committed the parking infractions.[1]

---

1. In Towne's statement of issues he asserts other errors allegedly committed by the district court. Those issues were neither properly raised in his brief, nor argued during oral argument. Therefore, we will not address them.

## II

[¶ 5] This case comes before us in a very unusual posture. Towne was given a jury trial in which the jury instructions included as essential elements of the charged offense whether the defendant had in fact committed the three parking infractions. The charged offense was "Failure to Obey Parking Citation" under Bismarck Ordinance 12–10–10. The ordinance provides, "[a]ny person who fails to answer to a parking citation or to pay the fee specified within thirty days as required is guilty of an offense." Under N.D.C.C. § 39–06.1–04, failure to appear or pay the fee is a class B misdemeanor. Section 39–06.1–04, N.D.C.C., also provides that a failure to appear without cause at the hearing for the underlying violation must be deemed admission of that violation. Section 39–06.1–04, N.D.C.C., is incorporated into Bismarck Ordinance 12–17–05.

[¶ 6] It seems clear the elements for proving a violation of Bismarck Ordinance 12–10–10 do not include a requirement that the City prove beyond a reasonable doubt Towne committed the parking violations. However, this element was included in the jury instructions and was unobjected to by either party.[2]

[¶ 7] Towne argues the City did not prove beyond a reasonable doubt he committed the parking violations. As we have noted, we do not believe commission of the parking violation was an element of the offense charged. However, we decline to decide the issue on that basis. Because neither Towne nor the City preserved the issue at trial, we do not reach it in this appeal.

[¶ 8] To preserve an issue of sufficiency of the evidence in a jury trial, the defendant must move the trial court for a judgment of acquittal under Rule 29, N.D.R.Crim.P. *City of Grand Forks v. Dohman*, 552 N.W.2d 66, 67 (N.D.1996). Here, the record indicates Towne did not submit anything which could possibly be considered a motion for judgment of acquittal. Because Towne failed to make the motion, his sufficiency of the evidence argument is not preserved for review by this Court.

[¶ 9] Towne argues the district court gave misleading or improper jury instructions. Again, this issue is not properly preserved for review by this Court.

[¶ 10] The transcript clearly indicates the district court gave Towne a copy of the proposed jury instructions before going to trial. The record also clearly indicates the district court asked Towne if he had any objections to the proposed instructions. After resolving Towne's objection regarding false arrest, the district court told Towne if he had anything to add or object to he must do it before the instructions were read to the jury. Towne did not make any further objection regarding the jury instructions.

[¶ 11] Rule 30(c), N.D.R.Crim.P., requires an objection to a designated part or omission of a proposed jury instruction to preserve the issue for appeal when counsel has received a copy of the proposed instructions and has been given an opportunity to object. *See Woehlhoff v. State*, 531 N.W.2d 566, 568 (N.D.1995). Because Towne was given a copy of the proposed instructions and given an opportunity to object, and subsequently did not raise any objections, he is precluded from raising the issue on appeal.

[¶ 12] Under these circumstances we are limited to reviewing for obvious error under Rule 52(b), N.D.R.Crim.P. *State v. McNair*, 491 N.W.2d 397, 399 (N.D.1992). This power is exercised cautiously and only in exceptional cases where the defendant has suffered serious injustice. *Id.* We find no such error in this case.

[¶ 13] At oral argument, Towne raised the issue of the punishment imposed by the dis-

---

**2.** Under Rule 30, N.D.R.Crim.P., the trial court has a duty to instruct the jury on applicable questions of law. *State v. Johnson*, 417 N.W.2d 365, 369 (N.D.1987). However, both the prosecutor and the defense have a responsibility to request and object to specific instructions. *State v. Frey*, 441 N.W.2d 668, 670 (N.D.1989). Under the instructions given the City was required to prove beyond a reasonable doubt Towne commit- ted the parking violations in order to prove a violation of Bismarck Ordinance 12–10–10, even though this was not an element of the crime charged. The City did not raise this issue at trial, and under Rule 52(b), N.D.R.Crim.P., requiring the City to prove an additional element can hardly be said to have inflicted a serious injustice on the defendant.

trict court. However, Towne conceded the punishment was within the legal range permissible. We therefore decline to address this issue.

### III

[¶ 14] We affirm the judgment of the district court.

[¶ 15] VANDE WALLE, C.J., and MARING, KAPSNER and SANDSTROM, JJ., concur.