2001 ND 184

**STATE of North Dakota, Plaintiff
and Appellee,**

v.

**Robert L. JOHNSON, Defendant
and Appellant.**

Nos. 20010025–20010027.

Supreme Court of North Dakota.

Dec. 5, 2001.

Leo Albert Ryan, Assistant State's Attorney, Jamestown, N.D., for plaintiff and appellee.

Eric P. Baumann, Kropp Law Offices, Jamestown, N.D., for defendant and appellant.

VANDE WALLE, Chief Justice.

[¶ 1] Robert Johnson appealed from a judgment of conviction for simple assault of a correctional facility employee and contact by bodily fluids or excrement with a correctional facility employee. We conclude the trial court committed obvious error in instructing the jury that the defendant had the burden of proof on the defense of lack of criminal responsibility, and we reverse and remand for a new trial.

I

[¶ 2] While serving time as an inmate at the James River Correctional Center, Robert Johnson was placed on a suicide watch and was not allowed to have a towel in his cell. After returning from a shower, Johnson refused several requests by prison guards to return the towel he had been given. Eventually, five guards entered Johnson's cell and forcibly removed the towel. During the altercation Johnson kicked and spit on one guard, and also spit on another guard. Later that day, as a guard was attempting to slide food into Johnson's cell, Johnson threw a cup of urine on him.

[¶ 3] Johnson was charged with one count of simple assault of an employee of a correctional facility and two counts of contact by bodily fluids or excrement with an employee of a correctional facility. *See* N.D.C.C. §§ 12.1–17–01, 12.1–17–11. Johnson raised the defense of lack of criminal responsibility and introduced expert evidence at trial. The trial court instructed the jury that lack of criminal responsibility is an affirmative defense and that Johnson bore the burden of proving the defense by a preponderance of the evidence. The jury found Johnson guilty and a judgment of conviction was entered.

[¶ 4] On appeal, Johnson raised issues of lack of criminal responsibility and issues relating to the sentence imposed by the trial court. After oral argument, this Court requested the parties to file supplemental briefs on the issues of (1) whether lack of criminal responsibility under N.D.C.C. § 12.1–04.1–01(1) is an affirmative defense, and (2) if lack of criminal responsibility is not an affirmative defense, did the trial court's instructions to the jury, which placed the burden of proof on the issue upon the defendant, constitute obvious error under N.D.R.Crim.P. 52(b)?

## II

[¶ 5] Lack of criminal responsibility is a defense to criminal conduct:

An individual is not criminally responsible for criminal conduct if, as a result of mental disease or defect existing at the time the conduct occurs:

a. The individual lacks substantial capacity to comprehend the harmful nature or consequences of the conduct, or the conduct is the result of a loss or serious distortion of the individual's capacity to recognize reality; and

b. It is an essential element of the crime charged that the individual act willfully.

N.D.C.C. § 12.1–04.1–01(1).

■ [¶ 6] For purposes of allocating the burden of proof in criminal cases, N.D.C.C. § 12.1–01–03 distinguishes between "defenses" and "affirmative· defenses":

12.1–01–03. Proof and presumptions.

1. No person may be convicted of an offense unless each element of the offense is proved beyond a reasonable doubt. . . . "Element of an offense" means:

. . . .

e. The nonexistence of a defense as to which there is evidence in the case sufficient to give rise to a reasonable doubt on the issue.

. . . .

3. Subsection 1 does not apply to any defense which is explicitly designated an "affirmative defense". An affirmative defense must be proved by the defendant by a preponderance of evidence.

The nonexistence of a "defense" is an element of the offense which the State must prove beyond a reasonable doubt; an "affirmative defense," however, must be proved by the defendant by a preponderance of the evidence. *See State v. Olander*, 1998 ND 50, ¶ 20, 575 N.W.2d 658.

[¶ 7] The trial court in this case gave the pattern jury instruction on lack of criminal responsibility, which specifically states: "Lack of criminal responsibility is an affirmative defense." N.D.J.I.—Criminal K–3.06. The court further instructed the jury:

Having asserted the defense lack of criminal responsibility, the burden rests upon the Defendant to prove it by the greater weight of the evidence. . . .

Accordingly, although the State may have proved beyond a reasonable doubt all of the essential elements of the offense charged, the Defendant cannot be found guilty if the Defendant has proved this affirmative defense by the greater weight of the evidence. In that event, you must find the Defendant not guilty.

Pattern jury instructions are not controlling law, but are published as a guide by the State Bar Association, in conjunction with the North Dakota Pattern Jury Instruction Commission, with the caution that the instructions are "neither a restatement nor an encyclopedia of the prevailing law." *Sollin v. Wangler*, 2001 ND 96, ¶ 11, 627 N.W.2d 159. In this instance, the pattern jury instruction contains an incorrect statement of the law.

■ [¶ 8] Under N.D.C.C. § 12.1–01–03(3), to be an affirmative defense, a defense must be "explicitly designated" as an affirmative defense. Lack of criminal responsibility is not explicitly designated as an affirmative defense, and the State concedes on appeal that it is an ordinary defense upon which the State should have

borne the burden of proof.[1] *See also State v. Trieb,* 315 N.W.2d 649, 653 n. 4, 654 n. 5 (N.D.1982) (trial court correctly instructed the jury that the State had burden of proof on lack-of-criminal-responsibility defense beyond a reasonable doubt).

[¶ 9] This does not, however, end our inquiry in this case. Johnson not only failed to object to the erroneous instructions on the burden of proof for the lack-of-criminal-responsibility defense, he did not raise the issue in his brief on appeal. The question first arose when posed during oral argument by one of the members of the Court. Because N.D.R.Crim.P. 52(b) informs our decision on both the failure to object to the instruction at trial and the failure to raise the issue of the instruction on appeal, we consider them together.

[¶ 10] Although the trial court is initially responsible for correctly instructing the jury on the law of the case, both the prosecution and the defense have the responsibility to request and object to specific instructions. *State v. Erickstad,* 2000 ND 202, ¶ 17, 620 N.W.2d 136; *State v. Mathre,* 1999 ND 224, ¶ 6, 603 N.W.2d 173. To preserve the issue for appellate review under N.D.R.Crim.P. 30(c), a party must specifically object to the instruction at trial and distinctly state the ground for the objection. *Erickstad,* at ¶ 17; *Mathre,* at ¶ 5. When a defendant fails to properly object to a proposed instruction, the issue is not adequately preserved for appellate review and our inquiry is limited under N.D.R.Crim.P. 52(b) to whether the jury instructions constitute obvious error. *State v. Glass,* 2000 ND 212, ¶ 19, 620 N.W.2d 146; *Erickstad,* at ¶ 18.

[¶ 11] The Explanatory Note to N.D.R.Crim.P. 52(b) observes the rule "applies to both the trial courts and the appellate courts." *See also State v. Kraft,* 413 N.W.2d 303, 307 (N.D.1987). The rule, as well as the Explanatory Note, provides that "errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." Courts interpreting the corresponding federal rule have concluded "appellate courts can examine a critical issue affecting substantial rights sua sponte in criminal cases under Federal Rule of Criminal Procedure 52(b)." *DeRoo v. United States,* 223 F.3d 919, 926 (8th Cir. 2000); *see also Silber v. United States,* 370 U.S. 717, 717–18, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962); *Fisher v. United States,* 328 U.S. 463, 467–68, 66 S.Ct. 1318, 90 L.Ed. 1382 (1946). Because the rule applies to the appellate court as well as the trial court, we may, if the error affects substantial rights, notice the error although it was not raised on appeal.

[¶ 12] To establish obvious error under N.D.R.Crim.P. 52(b), the defendant has the burden to show (1) error, (2) that is plain, and (3) that affects substantial rights. *State v. Miller,* 2001 ND 132, ¶ 25, 631 N.W.2d 587; *State v. Olander,* 1998 ND 50, ¶ 14, 575 N.W.2d 658. We exercise our power to notice obvious error cautiously, and only in exceptional circumstances where the accused has suffered serious injustice. *Miller,* at ¶ 25; *Olander,* at ¶ 12. In determining whether there has been obvious error, we examine the entire record and the probable effect of the alleged error in light of all the evidence. *Erickstad,* 2000 ND 202, ¶ 22, 620 N.W.2d 136; *Olander,* at ¶ 12.

---

1. In *City of Beach v. Kryzsko,* 434 N.W.2d 580 (N.D.Ct.App.1989), the court noted in dicta that the defendant had "raised the affirmative defense of lack of criminal responsibility." The court's characterization of the defense was incorrect.

 [¶ 13] We cannot imagine an error more fundamental than incorrectly instructing the jury on the burden of proof. In a criminal case, due process requires that the prosecution prove each element of the offense beyond a reasonable doubt. *State v. Rue*, 2001 ND 92, ¶ 36, 626 N.W.2d 681; *Olander*, 1998 ND 50, ¶ 19, 575 N.W.2d 658. By erroneously instructing the jury that Johnson had the burden of proving he lacked criminal responsibility, rather than requiring the State to prove the nonexistence of the defense as an element of the offense, the court effectively required Johnson to prove his innocence.

[¶ 14] We explained the fundamental nature of such an error in *Olander*, in which we reversed for obvious error when the trial court failed to instruct that the State bore the burden of proof on self-defense:

> Proper instructions about the burden of proof on the elements of a crime implicate fundamental due process. Those due process considerations form the foundation of our system of criminal procedure that an accused cannot be convicted of a crime unless the State proves every element of the offense beyond a reasonable doubt. Under North Dakota law, if there is evidence of self-defense, the State must prove, as an element of the offense, that the accused did not act in self-defense. The omission of an instruction on the allocation of the burden of proof for self-defense is magnified because the nonexistence of self-defense is an element of the crime, but was not so listed in the instructions.
>
> We believe sustaining a conviction without informing the jury about an essential element of the crime would seriously affect the fairness, integrity, and public reputation of our system of criminal justice. As *[United States v.] Olano*

[, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ] explains, an accused's guilt or innocence is not the determinative factor; rather, the fairness and integrity of the proceeding is paramount. On this record, we decline to approve a process that so significantly undermines fundamental due process. The need for proper instructions on the burden of proof for the elements of a crime justify a limited exception to the general rule requiring a contemporaneous objection to jury instructions at trial. We therefore exercise our discretion and notice this obvious error. We hold Olander is entitled to a new trial with appropriate instructions on the State's burden of proof on nonexistence of self-defense.

*Olander*, 1998 ND 50, ¶¶ 27–28, 575 N.W.2d 658 (citations omitted).

[¶ 15] The same result is required in this case. The State argues there is uncontroverted evidence that would lead a jury to believe beyond a reasonable doubt that Robert Johnson had "substantial capacity to comprehend the harmful nature or consequences" of his act, and therefore, while there was error at the trial in giving an improper instruction, it did not rise to the level of obvious error. But, Johnson presented evidence raising an issue of fact on the defense of lack of criminal responsibility. The trial court's instructions erroneously placed the burden of proof of an element of the crime upon Johnson, rather than upon the State. The jury should consider the evidence under the appropriate instruction. We exercise our discretion and notice this obvious error. We hold Johnson is entitled to a new trial with appropriate instructions on the State's burden of proof.

[¶ 16] The judgment is reversed and the case is remanded for a new trial.

[¶ 17] DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.