2004 ND 149

STATE of North Dakota, Plaintiff and Appellee

v.

Larry Shane MATHRE, Defendant and Appellant.

No. 20030312.

Supreme Court of North Dakota.

July 22, 2004.

Mark A. Flagstad, Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Larry Shane Mathre, Donnybrook, ND, pro se.

VANDE WALLE, Chief Justice.

[¶ 1] Larry Shane Mathre appealed from a judgment entered upon a jury verdict convicting him of two counts of assaulting a peace officer, one count of preventing arrest or discharge of other duties, and one count of escape. We affirm.

I

[¶ 2] In January 2003, Mathre was helping his grandmother move out of an apartment located in a domestic violence residence in Minot. Two Minot police officers, Corwin Effertz and Scott Redding, were dispatched to the residence because there was a report of an unwanted individual, presumably Mathre, on the premises. Apparently, males are not allowed at the residence. Mathre claims he remained on public property while others brought his grandmother's property out of the residence for him to load into a van and a trailer. Immediately upon the officers' arrival, Mathre "mooned" them. As a result, the officers attempted to place Mathre under arrest for disorderly conduct. Mathre resisted and a scuffle ensued between him and the officers. During the scuffle, Mathre's grandmother fainted, and he tried to assist her. At this point, the officers subdued Mathre and placed him under arrest.

[¶ 3] Mathre was charged with disorderly conduct under a Minot municipal ordinance for mooning the officers in the presence of others. He was convicted of the offense in municipal court and appealed to the district court. The district court acquitted Mathre, concluding it could not find that mooning is an "obscene gesture" under the Minot ordinance and the ordinance was void and unenforceable because it did not conform with N.D.C.C. § 12.1–31–01.[1] Mathre appealed to this Court, and we dismissed because a judgment of acquittal is not appealable under N.D.C.C. § 29–28–06. *City of Minot v. Mathre*, No. 20030313.

---

1. Mathre was charged under section 23–16 of Minot City Ordinance 2455, § 5, which provides, in pertinent part:

No person shall with intent to harass, annoy or alarm another person, or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by his behavior:

. . . .

(3) In a public place, use abusive or obscene language, or make an obscene gesture;

Section 12.1–31–01, N.D.C.C., provides in relevant part:

1. An individual is guilty of a class B misdemeanor if, with intent to harass, annoy, or alarm another person or in reckless disregard of the fact that another person is harassed, annoyed, or alarmed by the individual's behavior, the individual:

. . . .

c. In a public place, uses abusive or obscene language, knowingly exposes that individual's penis, vulva, or anus, or makes an obscene gesture;

. . . .

2. This section does not apply to constitutionally protected activity. If an individual claims to have been engaged in a constitutionally protected activity, the court shall determine the validity of the claim as a matter of law and, if found valid, shall exclude evidence of the activity.

[¶ 4]   As a result of the scuffle with the officers, Mathre was charged in district court with two counts of assault on a peace officer in violation of N.D.C.C. § 12.1–17–01, a class C felony; one count of preventing arrest or discharge of other duties in violation of N.D.C.C. § 12.1–08–02, a class A misdemeanor; and one count of escape in violation of N.D.C.C. § 12.1–08–06, a class C felony.  Trial was held in the district court, and a jury returned a verdict finding Mathre guilty of all four offenses.

[¶ 5]   Mathre raises the following issues on appeal:

I.   Whether the Defendant has a Right to Constitutional Protection under the First Amendment for mooning a Police Officer, as an expression of freedom of speech and expression.

II.   Whether the Defendant broke any North Dakota Statute prior to being arrested.

III.   Whether the defendant has the right to Resist Arrest in Absence of Criminal Activity.

IV.   Whether Law Enforcement Acted Lawfully and Under Color of the Law in Arresting Defendant.

V.   Whether the Defendant is allowed to use unlawful arrest for a defense.

VI.   Whether the Record, as a whole, Supports a Conviction of Preventing Arrest or Discharge of other duties.

VII.   Whether the Record, as a whole, Supports a Conviction of Assaulting a Police officer.  Count 1

VIII.   Whether the Record, as a whole, Supports a Conviction of Assaulting a Police officer.  Count 2.

IX.   Whether the Record, as a whole, Supports a Conviction of Escape.

[¶ 6]   Our ability to review Mathre's claims is limited because he has not provided a transcript on appeal.  Under N.D.R.App.P. 10(b), it is the appellant's responsibility to provide a transcript on appeal, and Mathre suffers any consequences resulting from the lack of a transcript to review.  See N.D.R.App.P. 10(b); State v. Raywalt, 436 N.W.2d 234, 238–39 (N.D.1989).

II

[¶ 7]   We do not decide Mathre's first issue because we have previously dismissed his prior appeal regarding the constitutionality of mooning the officers. Similarly, we do not consider Mathre's second contention, whether he violated any North Dakota statute prior to being arrested, because he was not convicted of any offense committed prior to his arrest. See State v. Goulet, 1999 ND 80, ¶ 12, 593 N.W.2d 345 ("we do not give advisory opinions").   Insofar as Mathre contends evidence of his actions after the arrest should have been suppressed because he was not convicted of any crime occurring prior to his arrest, we have previously held that suppression of evidence is not the appropriate remedy in such circumstances. See State v. Ritter, 472 N.W.2d 444, 452–53 (N.D.1991); see also State v. Saavedra, 396 N.W.2d 304, 306 (N.D.1986) ("The legality of the ... citation was not relevant to the determination of whether Saavedra's subsequent conduct was lawful because his actions were independent and intervening acts which broke the chain of causation and dissipated the taint of any prior illegality" by the officer).

III

[¶ 8]   Mathre claims that he had a right to resist arrest in the absence of criminal activity, that the officers were not acting lawfully and under color of law when they attempted to arrest him for disorderly conduct, and that he should have been allowed to use unlawful arrest as a defense to the charges against him.   He relies on his

subsequent acquittal of the disorderly conduct charge to support these contentions.

### A.

■ [¶ 9] Notwithstanding Mathre's arguments to the contrary, his claims regarding the unlawfulness of his arrest apply only to his conviction for preventing arrest or discharge of other duties. *See* N.D.C.C. § 12.1–08–02; *Ritter,* 472 N.W.2d at 453 n. 1 (Levine, J., concurring specially) ("The defense of unlawful police conduct is not available to the crime of reckless endangerment or terrorizing or disorderly conduct or assault"). Section 12.1–08–02, N.D.C.C., provides

1. A person is guilty of a class A misdemeanor if, with intent to prevent a public servant from effecting an arrest of himself or another for a misdemeanor or infraction, or from discharging any other official duty, he creates a substantial risk of bodily injury to the public servant or to anyone except himself, or employs means justifying or requiring substantial force to overcome resistance to effecting the arrest or the discharge of the duty.

It is a statutory defense in a prosecution for preventing arrest or discharge of other duties "that the public servant was not acting lawfully, but it is no defense that the defendant mistakenly believed that the public servant was not acting lawfully." N.D.C.C. § 12.1–08–02(2). However, unlawful police conduct is not an absolute defense to a preventing arrest charge, and a defendant is allowed to resist only excessive force used to effect an arrest. *State v. Cox,* 532 N.W.2d 384, 388 (N.D.1995) (appeal from a jury verdict finding Cox guilty of preventing arrest); *see also* N.D.C.C. § 12.1–05–03(1).

■ [¶ 10] In this case, the trial court did not instruct the jury regarding the statutory defense to preventing arrest or discharge of other duties. Mathre did not request any jury instructions or object to the instructions given. *State v. Johnson,* 2001 ND 184, ¶ 10, 636 N.W.2d 391 ("Although the trial court is initially responsible for correctly instructing the jury on the law of the case, both the prosecution and the defense have the responsibility to request and object to specific instructions"). "A defendant is entitled to have the jury instructed on all defenses for which there is any support in the evidence, whether the defenses are consistent or inconsistent." *State v. Ronne,* 458 N.W.2d 294, 296 (N.D.1990). Under N.D.C.C. § 12.1–08–02, the lawfulness of police conduct is a factual defense which is inappropriate for pretrial determination and subsequent suppression of evidence. *Cox,* 532 N.W.2d at 387. In *Cox,* we stated,

> when the lawfulness of the police conduct has a bearing on the ultimate question of the defendant's guilt or innocence, the jury must be permitted to resolve any factual disputes concerning the lawfulness of the police conduct. Only when the facts are not in dispute may the trial court resolve the issue as a matter of law.

*Id.* at 386–87 (citations and footnote omitted).

[¶ 11] Here, the material facts leading to Mathre's arrest for disorderly conduct are not in dispute. He admits to mooning the officers in the presence of others. As a result, the officers attempted to place him under arrest, without an arrest warrant, for disorderly conduct, a class B misdemeanor.

[¶ 12] Section 29–06–15, N.D.C.C., provides in part:

1. A law enforcement officer, without a warrant, may arrest a person:

    a. For a public offense, committed or attempted in the officer's presence; and for the purpose of this subdivi-

sion, a crime must be deemed committed or attempted in the officer's presence when what the officer observes through the officer's senses reasonably indicates to the officer that a crime was in fact committed or attempted in the officer's presence by the person arrested.

"The term 'public offense' includes misdemeanors." *State v. Overby*, 1999 ND 47, ¶ 10, 590 N.W.2d 703. Therefore, whether the officers were acting lawfully and under the color of law depends upon whether the officers' observations reasonably indicated to them that Mathre had committed the crime of disorderly conduct in their presence.

[¶ 13] Clearly, Mathre's conduct was sufficient for the officers to reasonably believe he had committed the crime of disorderly conduct in their presence. Although Mathre was acquitted of the disorderly conduct charge, an arrest does not become unlawful merely because there is no subsequent conviction of the crime for which an individual is arrested. *See* N.D.C.C. § 29–06–15. Without the benefit of a transcript to review, we must infer Mathre failed to provide evidence indicating the officers were not acting lawfully, and therefore, the trial court did not err by not submitting the question to the jury.

[¶ 14] Further, Mathre's argument fails to recognize the applicable law when force is used to resist arrest. "Our Criminal Code, first enacted in 1973, is largely modeled on the proposed 1971 Federal Criminal Code." *Ritter*, 472 N.W.2d at 451 n. 8 (citing *Report of the North Dakota Legislative Council*, at 81 (1973)). The National Commission on Reform of Federal Criminal Laws recognized that there was a right under the common law to use force against a public official attempting to make an unlawful arrest. I *Working Papers of the National Commission on Reform of Federal Criminal Laws*, at 261

(Study Draft, 1970). However, the Commission "propose[d] to do away with this privilege to use force to resist an arrest by a public servant." *Id.* at 264. The Commission noted:

> There are ample nonviolent remedies against improper official action. The law should not sanction any rule which would lawfully put an officer's safety at stake when he seeks to make an arrest.
>
> Although the draft does not permit force for the purpose of resisting arrest, it does not curtail defensive force for the purpose of resisting illegal excessive force.

*Id.; see also Ritter*, at 450–51 ("Generally, judicial approval of forceful reaction to official action, even when the official action is unconstitutional, is not an appropriate remedy"). This position was adopted in the Commission's Final Report. *See Final Report of the National Commission on Reform of Federal Criminal Laws*, at §§ 603(a), 1302 (1971). Section 1302 of the Final Report addressed preventing arrest or discharge of other duties. The Comment to that section states:

> This section singles out and treats specially physical interference with an arrest. The conflicts in present federal law on the right to resist arrest are resolved under §§ 1301 and 1302 and under § 603(a), which deals with self-defense; these sections provide a consistent pattern of affording protection from risk of serious injury to an officer engaged in his duty in good faith and under color of law.... Slight interferences which create no substantial risk to the officer are not offenses under this section. The section proscribes conduct against a public servant executing a warrant or other process in "good faith, under color of law". *Conduct in response to otherwise unlawful acts of a public servant is governed by the provi-*

*sions generally applicable to use of force. The circumstances under which there is justification for use of force against a federal law enforcement officer in such cases are limited by § 603(a).*

(emphasis added).

[¶ 15] North Dakota enacted the relevant portions recommended by the Final Report when its criminal code was adopted in 1973. *See N.D.C.C.* §§ 12.1–05–03(1); 12.1–08–02. The 1973 Report of the North Dakota Legislative Council stated, if force is used "against a peace officer making an arrest which later turns out to be unlawful, such use of force will be unjustified." *Report of the North Dakota Legislative Council,* at 83. This indicates the legislature's intent to follow the recommendations regarding the use of force to resist arrest as stated in the Final Report of the National Commission. *See A Hornbook to the North Dakota Criminal Code,* 50 N.D.L.Rev. 639, 672 & nn. 211–12 (1974). Therefore, even if we assume the officers were acting unlawfully, Mathre's right to forcefully resist the arrest was limited by N.D.C.C. § 12.1–05–03(1), and he was not entitled to use force unless excessive force was used by the officers. *Ritter,* at 451 ("Forceful resistance to an arrest 'under color of law' is no longer legally justified unless 'excessive force' is used by the officer").

## B.

[¶ 16] Mathre claims the officers used excessive force entitling him to forcefully resist the arrest. In this regard, his appeal raises questions similar to those we addressed in *Ritter.* In *Ritter,* the State appealed from the dismissal of a misdemeanor charge of preventing arrest against Ritter. 472 N.W.2d at 445. Ritter was detained by police officers and refused to provide them with his name when questioned about a fight in a bar. *Id.* at 446; *see also Hiibel v. Sixth Judicial Dist.*

*Court of Nevada, Humboldt County,* — U.S. ——, ——–——, 124 S.Ct. 2451, 2459–61, 159 L.Ed.2d 292, ——–—— (2004) (defendant's arrest and conviction for refusing to identify himself under Nevada "stop and identify" statute did not violate Fourth and Fifth Amendments of the United States Constitution). Ritter became profane and belligerent, refused to respond to the officers' questions, and continually asked to leave. *Ritter* at 446. He ultimately pushed one of the officers and was arrested for disorderly conduct. *Id.* When he was placed under arrest, a fight ensued and he had to be subdued by force. *Id.* He was charged with preventing arrest and assault in conjunction with the bar fight. *Id.* The preventing arrest charge was dismissed prior to trial. *Id.* at 447.

[¶ 17] On appeal, we agreed with the trial court that Ritter was wrongfully detained by the officers. *Id.* at 449. However, we did not agree that Ritter was thereby excused for his forceful conduct that followed. *Id.* at 450. We discussed the application of N.D.C.C. § 12.1–05–03, the self-defense statute, to situations involving the use of force against a peace officer and evaluated its legislative history in conjunction with the proposed Federal Criminal Code. *Id.* at 451. In relevant part, we stated:

The Comment to [proposed Federal Criminal Code] § 603 explained:

This section states the rule permitting the use of force to protect oneself from imminent harm. *Present federal law on resisting unlawful arrest has been changed ... to make legality of the arrest irrelevant.* The purpose of this change is to discourage self-help for the resolution of such an issue.

The use of force to resist an unlawful arrest is thus curtailed.

Legislative history shows that the North Dakota legislature specifically recognized this change:

Any person is justified in using force in self-defense against imminent unlawful bodily injury, sexual assault, or unlawful detention. However, *if the force used is against a peace officer making an arrest which later turns out to be unlawful, such use of force will be unjustified.* Report of the North Dakota Legislative Council, p. 83 (1973).

■ ....

Still, unlawful police action is not completely excused either.... [T]he courts retain the power to act upon "evidence of flagrant police misconduct such as intentional harassment or the use of excessive force." Particularly, if an accused avoids belligerent and forceful reactions to overbearing police conduct, the courts will remedy an unlawful arrest or detention by dismissal of charges....

More immediately, the criminal statutes still recognize justification defenses as factual remedies for official misconduct. Resistance to "excessive force" by an officer acting under color of law is a factual defense to any criminal charge arising from the resistance. Specifically, where the charge is preventing arrest, as in this case, the defining statute authorizes "a defense to a prosecution under this section that the public servant was not acting lawfully...." Factual defenses remain as remedies for unlawful official conduct.

These defenses do not depend on judicial suppression of evidence or dismissal of charges. Rather, they depend upon full presentation of the facts to the trier of fact, usually the jury, for determination of the independent nature of the charged offense. Official misconduct is a justification defense to a charge of resisting arrest.

*Id.* at 451–53 (emphasis added) (footnotes and citations omitted). Accordingly, we reversed the dismissal and remanded the case for trial, including submission to the jury of whether the officers were not acting lawfully in arresting Ritter for resisting arrest. *Id.* at 453.

[¶ 18] In the present case, Mathre claims the officers used excessive force which entitled him to defend himself and his property. He contends the jury ignored any and all evidence of the act of self-defense. Under N.D.C.C. § 12.1–05–03(1), "[a] person is not justified in using force for the purpose of resisting arrest, execution of process, or other performance of duty by a public servant under color of law, but excessive force may be resisted." The jury was properly instructed regarding self-defense and the use of force in resisting arrest. By finding Mathre guilty of the crimes charged, the jury's verdict can only be interpreted as finding the officers did not use excessive force, and therefore, Mathre was not justified in using force to resist the arrest. *See Cox,* 532 N.W.2d at 388.

IV

■ [¶ 19] Mathre contends the record does not support his convictions. "To preserve an issue of sufficiency of the evidence in a jury trial, the defendant must move the trial court for a judgment of acquittal under Rule 29, N.D.R.Crim.P." *City of Bismarck v. Towne,* 1999 ND 49, ¶ 8, 590 N.W.2d 893. A partial transcript submitted by the State indicates Mathre did not move for judgment of acquittal at the close of the State's case or after the presentation of all the evidence. Therefore, issues regarding sufficiency of the evidence have not been preserved for appeal. Furthermore, Mathre suffers the consequences of failing to provide a transcript on appeal, and it is virtually impossible to evaluate the sufficiency of the evidence without the benefit of a transcript to review.

## V

[¶ 20] Mathre claims the trial court made various errors in instructing the jury on potential defenses to the crimes charged. Mathre was entitled to have the jury instructed on all defenses for which he provided any supporting evidence. *Ronne,* 458 N.W.2d at 296. However, his argument again must fail because, without a transcript, it is impossible for us to determine whether any evidence was presented at trial to support his alleged defenses.

[¶ 21] Further, Mathre was provided with the jury instructions and given an opportunity to object to them at trial, which he failed to do. Under N.D.R.Crim.P. 30(c), failure to object at trial to jury instructions when there was an opportunity to do so operates as a waiver of the right on appeal to complain of instructions that either were or were not given. *Woehlhoff v. State,* 531 N.W.2d 566, 568 (N.D.1995). Nevertheless, an error that infringes upon substantial rights of a defendant is noticeable notwithstanding lack of an objection or in the absence of a request for an instruction. *State v. Kraft,* 413 N.W.2d 303, 307 (N.D.1987); *see also* N.D.R.Crim.P. 52(b).

The power to notice obvious error is exercised cautiously and only in exceptional circumstances where the defendant has suffered a serious injustice. In assessing the possibility of error concerning substantial rights under Rule 52(b), it is necessary to examine the entire record and the probable effect of the actions alleged to be error in light of all the evidence.

*Kraft,* at 307 (citations omitted).

[¶ 22] The partial record before us does not indicate the trial court committed obvious error in instructing the jury and, without a complete transcript to review, it is impossible to determine whether obvious error occurred at trial. Therefore, we conclude Mathre has waived his right to appeal issues regarding the jury instructions.

[¶ 23] The judgment is affirmed.

[¶ 24] CAROL RONNING KAPSNER, MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.