2010 ND 109

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Morris Lloyd BAUER, Defendant and Appellant.**

**No. 20090212.**

Supreme Court of North Dakota.

June 10, 2010.

James O. Johnson, State's Attorney, Stanton, N.D., for plaintiff and appellee.

Michael R. Hoffman, Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶ 1] Morris Lloyd Bauer appeals from a criminal judgment entered after a jury found him guilty of aggravated assault and driving under the influence. On appeal, he argues there was insufficient evidence for the jury to find him guilty of aggravated assault, and the trial court failed to properly instruct the jury. We affirm the judgment.

I

[¶ 2] Morris Bauer was charged with aggravated assault under N.D.C.C. § 12.1–17–02(2), a class C felony, and driving under the influence, a class B misdemeanor. Bauer and John Zimbro were involved in an altercation outside of a bar. Bauer, Dawn Bauer, Bauer's former wife, and John Zimbro were at a bar in Beulah, North Dakota. Dawn Bauer testified that both she and Zimbro spoke with Bauer in the bar. Bauer left and then later Zimbro and Dawn Bauer left. Zimbro gave Dawn Bauer a ride on his motorcycle to where her car was parked. She testified that, as they drove down the alley, they saw Bauer driving toward them in a Suburban.

[¶ 3] Zimbro testified Bauer slammed on his brakes and was hanging out of the door and was "hollering and carrying on." According to Dawn Bauer, Bauer came "flying out" of his Suburban, and swung at Zimbro. She testified that Zimbro pushed back, and an altercation ensued. Zimbro testified that both he and Bauer ended up in the Suburban. Dawn Bauer testified Bauer told Zimbro, "I'll cut you." Dawn Bauer also testified that Bauer's door was open and he reached back and had a knife, and "went at [Zimbro]." Zimbro testified they were in the Suburban when Bauer pulled a knife, described as both a buck knife and a folding knife, and cut Zimbro's arm. Zimbro testified he saw Bauer fold it up and put it back down by the console, and then he pulled the knife again and stated, "I'll cut you." Bauer swung at Zimbro's face and cut him across the nose. Zimbro got out of the Suburban. After Zimbro was cut, Dawn Bauer testified that Bauer remained in the Suburban with the door closed, but the window open, and Zimbro repeatedly kicked Bauer through the window. Zimbro testified that he also kicked Bauer after Bauer threatened to shoot him. Zimbro's report to the police did not mention Bauer swung first, and mentioned Zimbro pushed Bauer into the Suburban.

[¶ 4] Bauer did not testify. At trial, Bauer argued he acted in self-defense. An officer testified, in contrast to Zimbro's testimony about "hollering and carrying on," that Bauer reported to law enforcement he yelled "Dawn" in the alley, and Zimbro kicked him in the face through the Suburban. Bauer also told law enforcement he never exited the Suburban. He reported he had used a pair of hair clippers, and he did not know whether he cut Zimbro.

[¶ 5] At trial, Bauer moved for a judgment of acquittal under N.D.R.Crim.P. 29, arguing the knife was not a dangerous weapon and that possessing it under the circumstances did not indicate an intent or readiness to inflict serious bodily injury. The trial court denied the motion. The trial court also refused to provide the jury with the jury instructions Bauer had requested. Bauer objected to the court's instructions, arguing the court did not provide the essential elements of the crime and had failed to instruct the jury on its duty to follow the essential elements of aggravated assault. The jury found him guilty of aggravated assault and driving under the influence. Bauer appeals, arguing there was insufficient evidence to convict him of aggravated assault, and the

trial court failed to properly instruct the jury.

II

[¶ 6] Bauer argues this Court should reverse his conviction because there was insufficient evidence to show that he possessed the knife with the intent or readiness to inflict serious bodily injury. He also argues there was insufficient evidence to show that the knife met the definition of a weapon sufficient to constitute aggravated assault.

[¶ 7] This Court has stated its standard of review when the sufficiency of the evidence is challenged:

> Appellate review of the sufficiency of the evidence for a jury verdict is very limited. When the sufficiency of evidence to support a criminal conviction is challenged, this Court merely reviews the record to determine if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction. The defendant bears the burden of showing the evidence reveals no reasonable inference of guilt when viewed in the light most favorable to the verdict. When considering insufficiency of the evidence, we will not reweigh conflicting evidence or judge the credibility of witnesses.... A jury may find a defendant guilty even though evidence exists which, if believed, could lead to a verdict of not guilty.

*State v. Dahl,* 2009 ND 204, ¶ 6, 776 N.W.2d 37 (citation omitted). "Whether the defendant was in possession of a dangerous weapon while committing the offense charged is a question for the trier of fact." *State v. Schweitzer,* 510 N.W.2d 612, 614 (N.D.1994).

[¶ 8] Under N.D.C.C. § 12.1–17–02(2), aggravated assault is "[k]nowingly caus[ing] bodily injury or substantial bodily injury to another human being with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury." Section 12.1–01–04(6), N.D.C.C., provides:

> "Dangerous weapon" means, but is not limited to, any switchblade or gravity knife, machete, scimitar, stiletto, sword, or dagger; any billy, blackjack, sap, bludgeon, cudgel, metal knucks, or sand club; any slungshot; any bow and arrow, crossbow, or spear; any weapon which will expel, or is readily capable of expelling, a projectile by the action of a spring, compressed air, or compressed gas including any such weapon, loaded or unloaded, commonly referred to as a BB gun, air rifle, or CO2 gun; and any projector of a bomb or any object containing or capable of producing and emitting any noxious liquid, gas, or substance.

[¶ 9] We hold there is sufficient evidence to support an aggravated assault conviction. In his brief, Bauer stated, "[a]lthough Bauer contends the knife was not a 'dangerous weapon', Bauer acknowledges in this case, viewing the evidence in the light most favorable to the verdict, that the knife became a weapon." There was testimony from which the jury could draw an inference reasonably tending to show that a knife was "a dangerous weapon or other weapon" and that possession of the knife indicated a readiness to inflict serious bodily injury. After Zimbro, Dawn Bauer, and Bauer left the bar, Bauer approached Zimbro and Dawn Bauer in an alley. According to Zimbro, Bauer drove the Suburban down the alley at a high speed, slammed on his brakes, was hanging out the door, and was "hollering and carrying on." Zimbro testified that Bauer came after him and swung his fists. Zimbro testified that Bauer told him, "I'll cut

you." Zimbro testified that Bauer cut Zimbro with a knife in the face and arm after Zimbro hit him. When reviewing the record, the jury could have reasonably inferred that Bauer possessed the knife under circumstances that indicated a readiness to inflict serious bodily injury.

III

[¶ 10] Bauer argues the trial court committed reversible error by failing to instruct the jury of the applicable law. When reviewing jury instructions, this Court has stated it reviews them "as a whole to determine whether they fairly and adequately advise the jury of the applicable law." *State v. Ness,* 2009 ND 182, ¶ 13, 774 N.W.2d 254. The trial court " 'is not required to instruct the jury in the exact language sought by a party if the instructions are not misleading or confusing, and if they fairly advise the jury of the law on the essential issues of the case.' " *State v. Zajac,* 2009 ND 119, ¶ 12, 767 N.W.2d 825 (quoting *State v. Haugen,* 2007 ND 195, ¶ 6, 742 N.W.2d 796). This Court reviews the evidence in a light most favorable to the defendant to determine whether there is sufficient evidence to support a jury instruction. *Ness,* 2009 ND 182, ¶ 13, 774 N.W.2d 254. "An error in a jury instruction is grounds for reversal when the instruction, read as a whole, is erroneous, relates to a subject central to the case, and affects the substantial rights of the defendant." *State v. Sorenson,* 2009 ND 147, ¶ 22, 770 N.W.2d 701 (citation omitted).

[¶ 11] Bauer argues the trial court erred by failing to numerically add self-defense to the essential elements of aggravated assault. Bauer requested the following jury instruction:

*ESSENTIAL ELEMENTS OF AGGRAVATED ASSAULT*

The State's burden of proof as to the charge of Aggravated Assault is satisfied if the evidence shows, beyond a reasonable doubt, the following essential elements.

1. On or about May 29, 2008;
2. in Mercer County, North Dakota;
3. the defendant, Morris Bauer;
4. knowingly;
5. caused;
6. bodily injury, that being a cut on the left arm and a cut on the left side of the face;
7. to John Zimbro;
8. with a dangerous weapon;
9. or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury; and
10. defendant was not acting in self defense.

Relying on North Dakota Pattern Jury Instruction, NDJI—Criminal K—5.01, Bauer also argues the trial court did not connect the burden of proof to the "Essential Elements of Offense" instruction, and that the "Duty of Jury" instruction must follow the "Essential Elements of Offense" instruction.

[¶ 12] The trial court provided the jury with the instruction, "Additional Element of Offense—Nonexistence of Self-Defense," following the definition of aggravated assault in the closing instructions. Although self-defense was not numerically listed as an element of aggravated assault as requested by Bauer, the trial court instructed the jury that the nonexistence of self-defense was an additional element of the offense charged as follows:

MEMBERS OF THE JURY:

This case is now about to be given to you for your decision. At the beginning of this trial I gave you certain instructions. Keep those instructions in mind during your deliberations as well as the additional instructions which follow.

*AGGRAVATED ASSAULT*

A person who knowingly causes bodily injury to another human being, by means of a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury, is guilty of Aggravated Assault.

*ADDITIONAL ELEMENT OF OFFENSE–NONEXISTENCE OF SELF-DEFENSE*

Evidence has been presented that the defendant acted in self-defense. The State must prove beyond a reasonable doubt, as an additional element of the offense charged, that the defendant was not acting in self-defense. The defendant does not have the burden of proof as to this defense. If the State has failed to prove beyond a reasonable doubt that the defendant did not act in self-defense, the defendant is entitled to a verdict of not guilty.

The nonexistence of self-defense instruction given by the trial court correctly provides that the burden of proof is on the State to prove beyond a reasonable doubt that the defendant was not acting in self-defense. *See State v. Olander,* 1998 ND 50, ¶ 22, 575 N.W.2d 658 ("[I]f there is enough evidence of self-defense for an instruction on it, an accused is entitled to an instruction to the jury that the State must prove beyond a reasonable doubt the accused did not act in self-defense as an element of the offense.") We conclude the trial court's instructions as a whole adequately instructed on all the elements of the offense that the State was required to prove.

[¶ 13] Bauer argues the trial court did not connect the burden of proof to the essential elements and the duty to find the defendant not guilty if the burden is not met as set forth in North Dakota Pattern Jury Instruction No. 5.01. Bauer requested the following instruction:

*DUTY OF JURY TO FOLLOW "ESSENTIAL ELEMENTS OF AGGRAVATED ASSAULT"*

If you find from all the evidence in this case, beyond a reasonable doubt, that all of the foregoing essential elements of the crime of Aggravated Assault charged in the Information, viewed in the light of the law, have been proven, then it is your duty to find the defendant guilty.

If the State has failed to establish any of those essential elements beyond a reasonable doubt, it is your duty to find the defendant not guilty.

Bauer relies on a note to instruction 5.01 that provides, "This instruction follows the 'Essential Elements of Offense' instruction in every case." NDJI—Criminal K—5.01, Note.

[¶ 14] The North Dakota Pattern Jury Instructions are published as a guide by the State Bar Association, in conjunction with the North Dakota Pattern Jury Instruction Commission. *State v. Johnson,* 2001 ND 184, ¶ 7, 636 N.W.2d 391. The pattern jury instructions are not controlling law, and are published with the caution that they are "neither a restatement nor an encyclopedia of the prevailing law." *Id.* (citing *Sollin v. Wangler,* 2001 ND 96, ¶ 11, 627 N.W.2d 159). Although including the instruction on the "duty of jury" language directly after the essential elements instruction may be preferential, the trial

court in its closing instructions provided the jury with the following instruction regarding its duties:

The prosecution must prove all of the essential elements of the crime charged by proof beyond a reasonable doubt. In other words, if you have a reasonable doubt that the defendant committed the crime, then you must find the accused not guilty.

The prosecution is not required to prove guilt beyond all doubt, but beyond a reasonable doubt.

You should find the defendant guilty only if you have a firm and abiding conviction of the defendant's guilt based on a full and fair consideration of the evidence presented in the case and not from any other source.

In addition, included in its instruction on the additional element of nonexistence of self-defense was the following:

The defendant does not have the burden of proof as to this defense. If the State has failed to prove beyond a reasonable doubt that the defendant did not act in self-defense, the defendant is entitled to a verdict of not guilty.

[¶ 15] While the trial court did not give the "Duty of Jury" instruction immediately following the essential elements instructions as Bauer suggested, the jury instructions as a whole adequately address the jury's duties. The jury instructions provide that Bauer is entitled to a verdict of not guilty if the prosecution fails to prove all the essential elements of the crime beyond a reasonable doubt. They also explain that the prosecution must prove the essential elements of the crime, including the element of nonexistence of self-defense, beyond a reasonable doubt in order to find Bauer guilty. Although Bauer's request that the jury duty instruction immediately follow the essential elements instruction may have been pre-

ferred, the trial court is not required to provide jury instructions in the specific language or order requested by a party. We conclude the jury instructions are not misleading or confusing and, as a whole, fairly and adequately advised the jury of the applicable law and the essential elements of the offense.

IV

[¶ 16] Because there was sufficient evidence for the jury to find Bauer guilty of aggravated assault, and the trial court properly instructed the jury, we affirm the judgment.

[¶ 17] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.