FILED
IN THE OFFICE OF THE
CLERK OF SUPREME COURT
DECEMBER 1, 2021
STATE OF NORTH DAKOTA

# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 212

State of North Dakota,                                    Plaintiff and Appellee

v.

Michael Jon McCreary,                              Defendant and Appellant

### No. 20210064

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Kirsten Marie Sjue, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Nathan K. Madden, Assistant State's Attorney, Williston, ND, for plaintiff and appellee; submitted on brief.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

# State v. McCreary
## No. 20210064

**McEvers, Justice.**

[¶1]   Michael Jon McCreary appeals from a criminal judgment entered after a jury found him guilty of aggravated assault with a dangerous weapon. On appeal, McCreary contends the evidence is insufficient to support his conviction, arguing the flashlight used in the assault is not a "dangerous weapon" as defined by N.D.C.C. § 12.1-01-04(6). We affirm, concluding a flashlight may be considered a dangerous weapon under N.D.C.C. § 12.1-01-04(6) and sufficient evidence supports McCreary's conviction.

I

[¶2]   On April 6, 2019, McCreary was attending an event at a hotel in Williston. J.P., the victim, was working as a security guard for the hotel. During the course of the night, McCreary was involved in an altercation with another guest behind the hotel.

[¶3]   J.P. noticed the fight and attempted to break it up. J.P. testified he approached McCreary and told him "we can't have this fighting on hotel property." J.P. testified McCreary told him to "[b]ack out" and asked J.P., "Do you want to get your ass kicked?" At one point, J.P.'s attention was drawn away from McCreary. When J.P. turned back, McCreary swung a "cylinder object" and struck J.P. in the forehead. J.P. described the object as "something very similar to a Maglite" although he "didn't see the head of the flashlight itself." Photographs were introduced showing a large, dark-colored flashlight "approximately one foot in length" attached to a holster on McCreary's hip earlier in the night.

[¶4]   McCreary was convicted of aggravated assault with a dangerous weapon under N.D.C.C. § 12.1-17-02(1)(b). The district court sentenced McCreary to five years' imprisonment with three years suspended with credit for time served.

1

[¶5]   The Amended Information reflects the State charged McCreary with aggravated assault, a class C felony under N.D.C.C. §§ 12.1-17-02(1)(b) and 12.1-32-02.1. A person may be guilty of aggravated assault under N.D.C.C. § 12.1-17-02(1)(b) if that person:

> [k]nowingly causes bodily injury or substantial bodily injury to another human being with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury[.]

The State alleged in the Amended Information:

> Michael Jon McCreary, knowingly caused bodily injury or substantial bodily injury to J.P. with a dangerous weapon or other weapon, the possession of which under the circumstances indicates an intent or readiness to inflict serious bodily injury, to wit: struck J.P. in the head with a flashlight, causing J.P. to suffer a large swollen lump/knot to the forehead.

[¶6]   McCreary argues "[t]he State did not charge the alternative part of the statute, N.D.C.C. § 12.1-17-02(1)(b) that would cover a factual scenario of an assault with an 'other weapon.'" The Amended Information clearly states McCreary was charged under N.D.C.C. § 12.1-17-02(1)(b). McCreary's argument that he was not charged with a dangerous weapon or other weapon is without merit. The issue is also moot. While McCreary was charged with using a dangerous weapon or other weapon, the jury was only instructed on use of a dangerous weapon.

III

[¶7]   McCreary argues a flashlight is not a dangerous weapon as defined by N.D.C.C. § 12.1-01-04(6). He argues that because a flashlight does not constitute a dangerous weapon, the evidence was insufficient to support his conviction for aggravated assault with a dangerous weapon under N.D.C.C. § 12.1-17-02. Although McCreary did not make this precise argument when moving for acquittal under N.D.R.Crim.P. 29, he did contest the sufficiency of

the evidence. Therefore, "we first must address the meaning of N.D.C.C. § 12.1-01-04(6) to determine 'if there is competent evidence allowing the jury to draw an inference reasonably tending to prove guilt and fairly warranting a conviction.'" *Vetter*, 2013 ND 4, ¶ 10 (quoting *State v. Bauer*, 2010 ND 109, ¶ 7, 783 N.W.2d 21).

[¶8] Our standard of review for interpreting a criminal statute is well established:

> Construction of a criminal statute is a question of law, fully reviewable by this Court. Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage. When a statute's language is ambiguous because it is susceptible to differing but rational meanings, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain the Legislature's intent. We construe ambiguous criminal statutes against the government and in favor of the defendant.

*State v. Buchholz*, 2005 ND 30, ¶ 6, 692 N.W.2d 105. We first examine the plain language of the statute. *Id.* Section 12.1-01-04(6), N.D.C.C., provides:

> "Dangerous weapon" includes any switchblade or gravity knife, machete, scimitar, stiletto, sword, or dagger; any billy, blackjack, sap, bludgeon, cudgel, metal knuckles, or sand club; any slingshot; any bow and arrow, crossbow, or spear; any weapon that will expel, or is readily capable of expelling, a projectile by the action of a spring, compressed air, or compressed gas including any such weapon, loaded or unloaded, commonly referred to as a BB gun, air rifle, or $CO_2$ gun; and any projector of a bomb or any object containing or capable of producing and emitting any noxious liquid, gas, or substance.

The State submitted proposed jury instructions mirroring the statutory definition. Although the district court's final jury instructions used the phrase

3

"includes, but is not limited to," McCreary did not object to the instruction and has not argued on appeal that the jury was not properly instructed. The jury instructions are the law of the case. *State v. Friesz*, 2017 ND 177, ¶ 37, 898 N.W.2d 688 ("Unchallenged jury instructions become the law of the case.").

[¶9]  McCreary argues that a cylinder is not a dangerous weapon as defined by N.D.C.C. § 12.1-01-04(6). A flashlight is also not enumerated in N.D.C.C. § 12.1-01-04(6). We have previously considered whether objects not specifically named in N.D.C.C. § 12.1-01-04(6) may be considered dangerous weapons as a matter of law. *See Vetter*, 2013 ND 4. Vetter was convicted of aggravated assault with a dangerous weapon after striking the victim with his vehicle. *Id.* at ¶¶ 2-4. On appeal, Vetter argued a vehicle was not a dangerous weapon under N.D.C.C. § 12.1-01-04(6). *Id.* at ¶ 5. In affirming Vetter's conviction, we held "[w]hether a vehicle is a dangerous weapon is dependent upon the guiding statute." *Id.* at ¶ 14. Holding that the plain language of the statute was not exhaustive, we agreed with the State's contention "not that a vehicle will always be a dangerous weapon but that it may be used as one." *Id.* at ¶ 15. This court refused to hold a vehicle may never be considered a dangerous weapon under N.D.C.C. § 12.1-01-04(6), instead choosing to permit the fact finder "to determine whether an object is a dangerous weapon based on how the object is used." *Id.* at ¶ 16.

[¶10] Because the language of N.D.C.C. § 12.1-01-04(6) is not exhaustive, it permits objects other than those enumerated to be considered dangerous weapons. Although this Court has never faced the question whether a flashlight may be considered a dangerous weapon, we hold that whether a flashlight is a dangerous weapon is dependent on the statute and the facts of the case. Other jurisdictions have similarly determined the question was one for the fact finder. *See People v. Ragland*, 165 N.W.2d 639, 640 (Mich. 1968) ("It was for [the jury] to determine as a question of fact whether or not the flashlight was a dangerous weapon."); *State v. Pleasant*, 2010-1533, p. 8 (La. App. 4 Cir. 5/18/11); 66 So.3d 51, 56 ("The dangerousness of an object by reason of the manner in which it was used is an issue of fact for the jury or fact finder to decide.").

4

[¶11] McCreary's argument rests on whether there was sufficient evidence for the jury to determine the flashlight in this case was used as a dangerous weapon.

[¶12] "Our review of the sufficiency of the evidence for a jury verdict is limited." *Vetter*, 2013 ND 4, ¶ 17. The standard of review on an appeal based on sufficiency of the evidence is well established:

> We look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction. A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses.

*State v. Gray*, 2017 ND 108, ¶ 15, 893 N.W.2d 484 (quoting *Vetter*, at ¶ 17). "This Court assumes the jury believed all evidence supporting a guilty verdict and disbelieved any evidence to the contrary." *State v. Yoney*, 2020 ND 118, ¶ 19, 943 N.W.2d 791. "Whether the defendant was in possession of a dangerous weapon while committing the offense charged is a question for the trier of fact." *Vetter*, at ¶ 6 (quoting *Bauer*, 2010 ND 109, ¶ 7).

[¶13] Reviewing the evidence in the light most favorable to the prosecution, and giving the verdict the benefit of all inferences reasonably drawn from the evidence, a rational fact finder could conclude beyond a reasonable doubt the flashlight used by McCreary constituted a dangerous weapon. We have said whether an object is a dangerous weapon "is ordinarily a question of fact to be determined by all the attendant circumstances, and especially by the mode of use." *Vetter*, 2013 ND 4, ¶ 15 (quoting Charles E. Torcia, *Wharton's Criminal Law* § 197 at 469 (15th ed. 1994)). "The dangerous or deadly character of a weapon is determined by the effect likely to be produced by it." *Id.* J.P. testified McCreary struck him with a "long cylinder black object" that was "very similar

to a Maglite." J.P. also testified he saw McCreary swing a cylinder object and that McCreary used "a powerful overhand blow" to strike J.P. in the head. A jury could reasonably find McCreary used his flashlight as a dangerous weapon under the circumstances.

V

[¶14] A flashlight may be considered a dangerous weapon under N.D.C.C. § 12.1-01-04(6), and sufficient evidence exists to support McCreary's conviction. We affirm the district court's judgment.

[¶15] Jon J. Jensen, C.J.
     Gerald W. VandeWalle
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte