2002 ND 62

**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Daniel Joseph KNOWELS, Defendant and Appellant.**

No. 20010147.

Supreme Court of North Dakota.

April 16, 2002.

Peter D. Welte (on brief), Assistant State's Attorney, and Ronald K. Hettich (on brief), third-year law student, Grand Forks, for plaintiff and appellee.

DeWayne A. Johnston, Grand Forks, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Daniel Knowels appeals from a judgment of conviction for failure to register as a sex offender under N.D.C.C. § 12.1–32–15. Because the culpable mental state for failure to register as a sex offender is "willfully," we conclude the trial court committed obvious error in finding Knowels guilty of failure to register as a sex offender, and reverse the conviction.

I

[¶ 2] Knowels is required to register as a sex offender. Knowels registered with the Grand Forks County Sheriff's Department on December 19, 1996. His initial registered address was S-69 Ack's Trailer Court, Emerado. Emerado did not have a working registry in 1996. Though the exact date is not clear from the record, Knowels subsequently moved to S-11 Ack's Trailer Court. Knowels was charged with failure to register as a sex offender within the statutory period following his change of address.

[¶ 3] At the bench trial, Knowels testified he went to the Grand Forks County Sheriff's Department during his move to register his new address. A sheriff's deputy testified regarding a "yellow sticky" note found in Knowels' records listing the new S-11 address as of April 2, 1999. Two letters were introduced as exhibits, one certified and one not, sent from the Attorney General's office to Knowels' S-11 address. These letters, one sent in April of 1999 and the other sent in October of 2000, directed Knowels to register with the Emerado Police Department, which now had a working registry. Knowels testified he never received either letter. Knowels eventually registered with the Emerado Police Department on January 11, 2001. At the bench trial in April 2001, the trial court treated the offense as one of strict liability and found Knowels guilty of failure to register as a sex offender, but also found his failure was not "willful."

[¶ 4] On appeal, Knowels argues there was insufficient evidence to find him guilty of the offense. He argues subsection 2 of N.D.C.C. § 12.1–02–02 should be applied to the registration statute. The subsection specifies "[i]f a statute or regulation thereunder defining a crime does not specify any culpability and does not provide explicitly that a person may be guilty without

culpability, the culpability that is required is willfully." Knowels argues application of this subsection would preclude a finding of guilt because the trial court found he did not "willful[ly]" violate the statute. The State argues the trial court's application of subsection 5 of N.D.C.C. § 12.1–02–02 to the sex offender registration statute to conclude the offense was strict liability was correct. Alternatively, the State argues Knowels waived his argument because he failed to object to the trial court's interpretation and application of the statute.

## II

[¶ 5]   Under North Dakota sex offender registration law, an individual who is required to register must do so within ten days of a change in address. N.D.C.C. § 12.1–32–15(7).   The sex offender registration law in force at the time provided:

> An individual required to register under this section who violates this section is guilty of a class A misdemeanor.   A court may not relieve an individual, other than a juvenile, who willfully violates this section from serving a term of at least ninety days in jail and completing probation of one year.   An individual who violates this section who previously has pled guilty or been found guilty of violating this section is guilty of a class C felony.

*Id.* § 12.1–32–15(9).[1]   The trial court interpreted N.D.C.C. § 12.1–32–15(9) as a strict liability offense, with the "willfully violates" language applicable only when imposing sentence:

The registration requirements of N.D.C.C. [§ ] 12.1–32–15 do not require any specific culpability by the defendant to be found guilty. . . . The conduct itself constitutes the offense. . . . Therefore, the State is not required to show any willfulness or intent on the part of the defendant to sustain the defendant's guilt. The only time that the defendant's willfulness or intent would come into play would be under subsection 9 of N.D.C.C. [§ ] 12.1–32–15. That section provides for a minimum mandatory penalty of at least 90 days in jail and one year probation in the event the defendant "willfully" violates this section. Based upon this, there are two matters that the Court needs to address. The first being whether or not the defendant failed to register and the second being whether or not the defendant's failing to register was willful.

Neither party objected to the trial court's interpretation of the statute.

[¶ 6]   In construing the statute as strict liability, the trial court relied upon N.D.C.C. § 12.1–02–02(5).   Subsection 5 of N.D.C.C. § 12.1–02–02 provides "[c]ulpability is not required as to the fact that conduct is an offense, except as otherwise expressly provided in a provision outside this title."   Because Knowels failed to properly object to the trial court's interpretation and application of N.D.C.C. § 12.1–32–15, and therefore failed to adequately preserve the issue for appellate review, our inquiry is limited under N.D.R.Crim.P. 52(b) to whether the trial court's actions constituted obvious error.

---

1.   North Dakota Century Code § 12.1–32–15(9) was amended in 2001 to provide:
> An individual required to register under this section who violates this section is guilty of a class A misdemeanor.   A court may not relieve an individual, other than a juvenile, who violates this section from

serving a term of at least ninety days in jail and completing probation of one year.   An individual who violates this section who previously has pled guilty or been found guilty of violating this section is guilty of a class C felony.

[¶ 7] To establish obvious error, Knowels "has the burden to show (1) error, (2) that is plain, and (3) that affects substantial rights." *State v. Johnson*, 2001 ND 184, ¶ 12, 636 N.W.2d 391. "Once an accused establishes a forfeited plain error does affect substantial rights, an appellate court has discretion to correct the error and should correct it if it 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *State v. Olander*, 1998 ND 50, ¶ 16, 575 N.W.2d 658. "We exercise our power to notice obvious error cautiously, and only in exceptional circumstances where the accused has suffered serious injustice." *Johnson*, at ¶ 12. "In determining whether there has been obvious error, we examine the entire record and the probable effect of the alleged error in light of all the evidence." *Id.*

[¶ 8] "Due process protects an accused from conviction except upon proof beyond a reasonable doubt of every element of the offense." *Olander*, 1998 ND 50, ¶ 19, 575 N.W.2d 658. In the case at hand, the question is whether the failure to register as a sex offender is a strict liability offense, or if it contains a mens rea element.

[¶ 9] Section 12.1–02–02 of the North Dakota Century Code was adopted by the Legislature from the proposed Federal Criminal Code's section on the requirements of culpability. In modeling Title 12.1 after the proposed Federal Criminal Code, the Committee on Judiciary "B" of the North Dakota Legislative Council studied and analyzed the federal counterpart. *State v. Bower*, 442 N.W.2d 438, 440 (N.D.1989). "Hence, when confronted with a question of statutory interpretation, we are guided by both the drafter's official comments to the proposed Federal Criminal Code and the relevant legislative history." *Id.* "The commentary to the pro-posed Federal Criminal Code is helpful as an aid in interpreting the intent of our criminal code when the North Dakota statute does not vary in substance from its proposed federal counterpart." *State v. Haugen*, 392 N.W.2d 799, 804 (N.D.1986).

[¶ 10] Reports and testimony from the Committee on Judiciary "B" have no discussion of what is currently N.D.C.C. § 12.1–02–02(5). *Minutes of Interim Comm. on Judiciary "B"* 17–20 (March 2–3, 1972). However, the drafter's comments accompanying the Federal Criminal Code discuss the culpability requirements at issue.

[¶ 11] The Comment to § 302, the federal counterpart to N.D.C.C. § 12.1–02–02, explains subsection 5 operates in two distinct situations:

> First, it obviates any contention that the defendant must know that his behavior is criminal. Second, it deals with those instances in the Code where guilt of one offense depends upon knowledge that another offense is being or has been committed, . . . . In such cases it is sufficient that the defendant know of the relevant behavior, whether or not he knows it is criminal.

*Final Report of the National Commission on Reform of Federal Criminal Laws* 30 (1971). The substance of N.D.C.C. § 12.1–02–02(5) does not vary from the final version of § 302(5) of the Federal Criminal Code. The difference between the two is the North Dakota version does not contain the heading "No Requirement of Awareness that Conduct is Criminal." Because the Federal Criminal Code interprets § 302(5) as standing for the proposition ignorance of the law is no excuse, so too does N.D.C.C. § 12.1–02–02(5).

[¶ 12] The trial court interpreted N.D.C.C. § 12.1–32–15 as a strict liability statute after determining N.D.C.C. § 12.1–02–02(5), and not N.D.C.C. § 12.1–02–

02(2), applied. We have held "it is proper for the Legislature to enact laws making the violation thereof a matter of strict criminal liability without a culpability requirement. . . ." *State v. McDowell,* 312 N.W.2d 301, 306 (N.D.1981). Strict liability offenses are found throughout the North Dakota Century Code. *Id.* at 305. Conversely, "[t]he common-law crimes as such generally are listed in North Dakota under Title 12.1." *Id.* at 306. "At common law, criminal liability required proof of both a guilty mind and the proscribed physical act." *Id.* at 303. In Title 12.1 the mens rea, if not specified, is "willfully." N.D.C.C. § 12.1–02–02(2). "[T]his Court has held N.D.C.C. § 12.1–02–02(2) applies only to Title 12.1, and the willful culpability level will not be read into other chapters unless the Legislature has specifically so stated." *State v. Holte,* 2001 ND 133, ¶ 8, 631 N.W.2d 595. While the Legislature can enact strict liability crimes, those offenses must be explicitly identified. N.D.C.C. § 12.1–02–02(2). Failure to register as a sex offender under N.D.C.C. § 12.1–32–15 is not explicitly identified as a strict liability crime.

▮ [¶ 13] Drawing on the language and commentary of the Federal Criminal Code, as well as our own precedent, it is clear N.D.C.C. § 12.1–32–15(9) is not a strict liability offense and the requisite culpable mental state is "willfully."

### III

▮ [¶ 14] The trial court merely erring in the application of N.D.C.C. § 12.1–32–15(9) is not enough for this Court to exercise its power to notice obvious error. The error "also must affect 'substantial rights,' that is, it must have been prejudicial, or affected the outcome of the proceeding." *Olander,* 1998 ND 50, ¶ 15, 575 N.W.2d 658. We cannot imagine an error more fundamental than convicting a defendant of a crime when not all of the elements of the crime are present. "A crime is committed when all of its essential elements are present and complete." *State v. Hersch,* 445 N.W.2d 626, 631 (N.D. 1989). In this case, the trial court found Knowels guilty of failing to register as a sex offender in spite of finding "the evidence is insufficient for the Court to make a finding of 'willful' conduct on the part of the defendant. . . ." The mens rea for the criminal act of failure to register as a sex offender is willfully. *See* N.D.C.C. § 12.1–02–02(2). By specifically determining the evidence was insufficient to find "willfully," the mens rea element of offense was missing and the trial court should have determined a crime was not committed.

### IV

[¶ 15] We conclude the trial court committed obvious error in finding Knowels guilty of failure to register as a sex offender and reverse the conviction.

[¶ 16] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, WILLIAM A. NEUMANN, MARY MUEHLEN MARING, JJ., concur.