2003 ND 173

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Hajrija BECIRAJ, Defendant and Appellant.**

No. 20030035.

Supreme Court of North Dakota.

Nov. 13, 2003.

Rehearing Denied Dec. 19, 2003.

Lisa K. Fair McEvers, Assistant State's Attorney, Fargo, for plaintiff and appellee.

Steven D. Mottinger (on brief) and Douglas W. Nesheim (argued), Fargo, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Hajrija Beciraj is appealing from an East Central Judicial District Court criminal judgment and commitment upon a jury verdict finding her guilty of conspiracy to commit arson in violation of N.D.C.C. §§ 12.1–06–04 and 12.1–21–01. Beciraj argues there was insufficient evidence to support the jury verdict finding her guilty, because no evidence was presented to indicate she knew the mobile home was insured. She also argues it was legally impossible for her to have committed arson, because the insurance had been cancelled. She further argues that hearsay statements and evidence of a prior home fire were improperly admitted. We conclude that sufficient evidence was presented to indicate Beciraj knew the mobile home was insured, that a person does not actually need insurance to be found guilty of damaging one's property for the purpose of collecting insurance, and that evidence of a prior home fire was properly admitted. Because sufficient evidence was presented to support the jury verdict finding her guilty of conspiracy to commit arson, we affirm.

I

[¶ 2] On Monday, January 29, 2001, at approximately 9:00 p.m., a fire occurred at the mobile home of Hajrija and Sadik Beciraj. Approximately fourteen firefighters came to the scene and found the home unlocked. Investigators found the fire originated near the north wall of the master bedroom at the far west end of the mobile home.

[¶ 3] Hajrija Beciraj was charged with conspiracy to commit arson. A preliminary hearing was held in July 2002, and the district court found probable cause to bind her over for trial. Hajrija Beciraj and her husband, Sadik Beciraj, were tried together in January 2003. Both were found guilty of the charges. This is Hajrija Beciraj's appeal.

[¶ 4] At trial, fire investigator Burton Rutter testified he believed the fire was deliberately set, although no ignitable liquids could be identified, and the investigators were unable to determine the cause of the fire. He testified his belief that the fire was deliberately set was formed after the investigation had eliminated any potential accident or any natural, electrical, or other utility-type source of ignition. He also testified he believed there was a financial motive for setting the fire.

[¶ 5] Rutter testified that during the investigation, Sadik Beciraj asked "where will the money be" and "which bank will the money be in." After further inquiry, Rutter found that Sadik Beciraj was referring to money donated from the Red Cross and the community. He testified that Sadik Beciraj told him he had insurance and knew his policy limits without looking. In November 2000, Sadik Beciraj had taken out an insurance policy on the home with policy limits of $26,000 on the dwelling and $13,000 on the contents. The insurance agent testified that Sadik Beciraj also called to file an insurance claim the day after the fire, but the insurance policy had been cancelled. A neighbor testified that Sadik and Hajrija Beciraj had attempted to sell the home, but the "for sale" sign was removed a few days before the fire. A neighbor also testified Hajrija Beciraj told her that her home was for sale for "cash only" and that her husband needed money for business.

[¶ 6] Rutter and another fire investigator, Jerry Crane, testified the beds in the mobile home had very little bedding and the closets held many empty hangers. Budd Warren, the investigator for the insurance company, testified there was not enough silverware for a family of seven and picture frames were missing their pic-

tures. Neighbors testified they witnessed Hajrija Beciraj carrying bags away from the home on the day of the fire. These bags appeared to be filled with clothes and other household items.

[¶ 7]  The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal was timely under N.D.R.App.P. 4(b). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 29–01–12 and 29–28–06.

## II

[¶ 8]  Beciraj argues there was insufficient evidence to support the jury verdict finding her guilty of conspiracy to commit arson.

[¶ 9]  "In a criminal case, due process requires that the prosecution prove each element of the offense beyond a reasonable doubt." *State v. Johnson*, 2001 ND 184, ¶ 13, 636 N.W.2d 391.

> "In cases challenging the sufficiency of evidence to sustain a conviction we will not weigh conflicting evidence, nor judge the credibility of witnesses; instead, we look only to the evidence most favorable to the verdict and the reasonable inferences therefrom to determine if there is substantial evidence to warrant a conviction."

*State v. Klose*, 2003 ND 39, ¶ 19, 657 N.W.2d 276 (quoting *State v. Hatch*, 346 N.W.2d 268, 277 (N.D.1984) (citations omitted)).

> A person commits conspiracy if he agrees with one or more persons to engage in or cause conduct which, in fact, constitutes an offense or offenses, and any one or more of such persons does an overt act to effect an objective of the conspiracy. The agreement need not be explicit but may be implicit in the fact of collaboration or existence of other circumstances.

N.D.C.C. § 12.1–06–04(1).

> A person is guilty of arson, a class B felony, if he starts or maintains a fire or causes an explosion with intent to destroy an entire or any part of a building or inhabited structure of another or a vital public facility, or if he starts or maintains a fire or causes an explosion with intent to destroy or damage his own real or personal property for the purpose of collecting insurance for the loss.

N.D.C.C. § 12.1–21–01.

### A

[¶ 10]  Beciraj argues there was insufficient evidence to support the jury verdict, because under North Dakota law she cannot commit arson against her own property unless she deliberately starts a fire with the intent to collect insurance for the loss. She claims the trial court was presented with no evidence to indicate she had any knowledge that the mobile home or its contents were insured. She also argues there was no evidence presented to show she agreed to commit arson with her husband.

[¶ 11]  Substantial evidence exists in this case to prove the elements of conspiracy to commit arson and to warrant a conviction. The evidence showed an agreement between Beciraj and her husband, Sadik Beciraj, and an overt act was committed. Beciraj and her husband took out insurance a few months before the fire. On the day of the fire, neighbors saw Beciraj carrying bags of clothing and other household items away from the mobile home. The mobile home was left unlocked, and none of the family was present at the time of the fire. Sadik Beciraj inquired about getting money from the community and knew the exact insurance

limits on his policy. The evidence also suggests Beciraj knew her husband needed money.

[¶ 12] Viewing the evidence most favorable to the verdict, we conclude Beciraj's activities show she knew the home and its contents were insured and agreed with her husband to commit arson.

B

[¶ 13] Beciraj argues that because her home was not insured, there was insufficient evidence to support the jury verdict finding her guilty. She claims it was impossible for her to have committed arson, because the insurance had been cancelled.

[¶ 14] Construction of statutes is a question of law and therefore fully reviewable. "When a statute's language is ambiguous or of doubtful meaning, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain the legislature's intent." *State v. Rambousek*, 479 N.W.2d 832, 834 (N.D.1992); N.D.C.C. § 1-02-39(3). Criminal statutes are strictly construed in favor of the defendant and against the government. *State v. Rue*, 2001 ND 92, ¶ 33, 626 N.W.2d 681.

[¶ 15] Section 12.1-06-04(1), N.D.C.C., requires for conspiracy that a person must agree to engage in conduct that, in fact, constitutes an offense. Title 12.1, N.D.C.C., is modeled after the proposed Federal Criminal Code. *State v. Knowels*, 2002 ND 62, ¶ 9, 643 N.W.2d 20. Section 12.1-06-04, N.D.C.C., is similar to section 1004 of the Final Report of the National Commission on Reform of Federal Criminal Laws. Because our statute is derived from the proposed Federal Criminal Code, "'the commentary to the . . . Code is helpful as an aid in interpreting the intent of our criminal code when the North Dakota statute does not vary in substance from its proposed federal counterpart.'" *Id.* (quoting *State v. Haugen*, 392 N.W.2d 799, 804 (N.D.1986)). The Final Report provides that conspiracy "is limited to agreements to engage in a crime or crimes which are defined elsewhere." Final Report of the National Commission on Reform of Federal Criminal Laws § 1004 cmt. 1 at 71 (1971).

[¶ 16] Section 12.1-21-01, N.D.C.C., requires that a person start a fire to destroy or damage his own real property for the purpose of collecting insurance. The statute requires only that the actor start a fire with intent to destroy or damage his property for the purpose of collecting insurance for the loss. There is no statutory requirement that there actually be insurance. The evidence presented makes clear that Beciraj agreed to start a fire to destroy or damage her home. The evidence presented also makes clear that the purpose of this agreement was to collect insurance money.

[¶ 17] We conclude there may be a conspiracy to commit arson even when, unknown to the conspirators, their insurance has lapsed.

[¶ 18] Viewing the evidence most favorable to the verdict, we conclude there was sufficient evidence to show that Beciraj agreed to deliberately start a fire with the intent to collect insurance for the loss.

III

[¶ 19] Beciraj also argues statements regarding Sadik Beciraj's belief his home was insured were made after the alleged conspiracy had ended and therefore should not have been admitted, because the statements were not made in furtherance of the conspiracy.

[¶ 20] Statements made by a co-conspirator in furtherance of a conspiracy may be admitted against any conspirators

as an admission by a party opponent. N.D.R.Ev. 801(d)(2)(v). Before the hearsay statements may be used, the trial court must determine " '(1) that a conspiracy existed; (2) that the defendant and the declarant were members of the conspiracy; and (3) that the declaration was made during the course and in furtherance of the conspiracy.' " *State v. Lind,* 322 N.W.2d 826, 838 (N.D.1982) (quoting *United States v. Bell,* 573 F.2d 1040, 1043 (8th Cir.1978)).

[¶ 21] Beciraj also argues that although the jury instruction regarding a co-conspirator's declaration accurately stated the law, it was clearly prejudicial because the statements admitted were not made in furtherance of the conspiracy and were admitted without the court having made the findings required in *Lind.*

[¶ 22] Beciraj claims this evidence was admitted over the objection of counsel; however, the record shows Beciraj failed to object to the admission of these statements or to the jury instruction during trial. When the appropriate objection is not raised at the district court, the right is waived and cannot be raised for the first time on appeal. *State v. Jahner,* 2003 ND 36, ¶ 9, 657 N.W.2d 266. Under N.D.R.Crim.P. 52(b), however, "obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *State v. Thorson,* 2003 ND 76, ¶ 9, 660 N.W.2d 581. The defendant has the burden of establishing obvious error. *Id.* Beciraj did not allege obvious error in this case.

[¶ 23] We conclude Beciraj waived her right to object to this evidence and the jury instruction when she failed to raise these objections during the trial.

IV

[¶ 24] Finally, Beciraj argues that under N.D.R.Ev. 403 and 404(b), the evidence of a prior home fire was improperly admitted.

[¶ 25] Beciraj contests the district court's admission of evidence she and her husband had previously suffered a fire and had received recovery assistance, including money, from the community. Beciraj claims this evidence could prejudice the jury. She also claims evidence of other acts to demonstrate the character of a person in order to prove an act conforms with that character is not admissible.

[¶ 26] Rule 403, N.D.R.Ev., provides, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[¶ 27] "Rule 403 'vests wide discretion in the trial court to control the introduction of evidence at trial and our review is limited to determining whether that discretion was abused.' " *State v. Zimmerman,* 524 N.W.2d 111, 115 (N.D. 1994) (quoting *First Nat'l Bank and Trust Co. v. Brakken,* 468 N.W.2d 633, 636 (N.D. 1991)). "While N.D.R.Ev. 403 gives a district court the power to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, that power should be sparingly exercised." *State v. Klose,* 2003 ND 39, ¶ 28, 657 N.W.2d 276 (citing *State v. Ash,* 526 N.W.2d 473, 481 (N.D.1995) (citation omitted)). Evidence of the previous fire was probative of Beciraj's motive for starting a fire and of her knowledge about receiving a financial benefit from starting a fire. This evidence was also relevant to show a plan.

[¶ 28] Rule 404(b), N.D.R.Ev., provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. However, it may be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

[¶ 29]   The record does not reflect that the evidence of the other fire was offered or received "to prove the character of a person in order to show action in conformity therewith."   The evidence in this case was admissible under Rule 404(b) because the evidence was used to show that Beciraj had a plan for committing arson for the purpose of collecting insurance.

[¶ 30]   We conclude the district court did not abuse its discretion in admitting the evidence of a prior home fire.

### V

[¶ 31]   Because substantial evidence exists to support a conviction for conspiracy to commit arson and because the district court did not abuse its discretion in admitting evidence about prior home fires, we affirm.

[¶ 32] GERALD W. VANDE WALLE, C.J., WILLIAM A. NEUMANN, MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.