# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 61

State of North Dakota,                                          Plaintiff and Appellee

v.

Brandon Todd Tompkins,                              Defendant and Appellant

## No. 20220270

Appeal from the District Court of Stutsman County, Southeast Judicial District, the Honorable Troy J. LeFevre, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Jensen, Chief Justice.

Frederick R. Fremgen, State's Attorney, Jamestown, ND, for plaintiff and appellee.

Drew J. Hushka (argued) and Luke T. Heck (on brief), Fargo, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1] Brandon Tompkins appeals his convictions for driving under the influence ("DUI") and actual physical control ("APC"). Tompkins asserts the district court erred by providing jury instructions merging the offenses of driving or being in actual physical control while under the influence of an intoxicating liquor and refusal to submit to a chemical test, which allowed the jury to convict Tompkins without unanimously agreeing Tompkins committed a singular criminal act. We conclude the offenses of driving or being in actual physical control while under the influence of an intoxicating liquor are separate offenses from the offense of refusal to submit to a chemical test and the jury instructions improperly merged the offenses together. We reverse and remand for a new trial.

I

[¶2] Tompkins was arrested for suspicion of DUI. The arresting officer requested Tompkins submit to a chemical test to determine his blood alcohol content. Tompkins refused to submit to a chemical test. The State charged Tompkins with violating:

> North Dakota Century Code section 39-08-01(1)(b), and/or 39-08-01(1)(e) by driving or being in actual physical control of a vehicle on a highway or upon public or private areas to which the public has a right of access for vehicular use in this state when the Defendant either: []was under the influence of an intoxicating liquor; and/or []refused to submit to a chemical test of his breath[.]

[¶3] The day before trial and after the deadline for filing pretrial motions had passed, Tompkins filed a motion in limine to dismiss the charges arguing the complaint failed to state an offense and was duplicitous. The State responded to the motion by requesting leave to amend its complaint and the district court granted the State's request. The State amended its complaint to charge Tompkins with two counts. Count 1 alleged Tompkins committed DUI by being "under the influence of an intoxicating liquor; and/or []refused to submit to a

chemical test[.]" Count 2 alleged Tompkins committed APC by being "under the influence of an intoxicating liquor; and/or []refused to submit to a chemical test[.]"

[¶4]   When subsequently presented with the jury instructions and the verdict form during the trial, Tompkins objected arguing the instructions and verdict form improperly defined being under the influence and refusal to submit to a chemical test as alternative means to commit DUI and APC. The jury instructions read as follows:

DRIVING UNDER THE INFLUENCE

A person may not drive a vehicle on a highway or on public or private areas to which the public has a right of access for vehicular use, if:
1. The person is under the influence of intoxicating liquor; or
2. After the Defendant was directed by a law enforcement officer to submit to a chemical test of the Defendant's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the Defendant's blood, breath, or urine; the Defendant refused to submit to the test.

. . . .

ACTUAL PHYSICAL CONTROL

No person shall be in actual physical control of a vehicle upon a highway, street, or on public or private areas to which the public has a right of access for vehicular use in this State if:
1) The person is under the influence of intoxicating liquor; or
2) The person refuses to submit to a chemical test, or tests, of the person's breath to determine the alcohol concentration at the direction of a law enforcement officer. A person is "in actual physical control" of a vehicle when the vehicle is operable and a person is in a position to manipulate one or more of the controls of the vehicle that cause it to move or affect its movement in some manner or direction. Whether the Defendant was in actual physical control is a question of fact for you to decide.

2

The district court overruled the objection. The jury convicted Tompkins of both DUI and APC. The district court vacated the guilty verdict on Count 2, APC.

## II

[¶5] The State asserts Tompkins failed to preserve the issue on appeal because Tompkins was required to raise the issue prior to trial and failed to file a timely pretrial motion. The district court may set a deadline for the parties to make pretrial motions. N.D.R.Crim.P. 12(c)(1). The court can consider an untimely motion if the party shows good cause. N.D.R.Crim.P. 12(c)(3). Tompkins' motion in limine asserted the complaint was defective because it failed to state an offense and was duplicitous. Motions asserting there is a duplicitous defect in the indictment, information, or complaint must be made before trial. N.D.R.Crim.P. 12(b)(3)(B)(i). The State responded to the motion requesting leave to amend the complaint. The court granted the State's request to amend the complaint.

[¶6] Tompkins' motion was untimely and the district court was not required to resolve the motion. However, the district court resolved the motion by entering an order granting the State's request to amend the complaint made in response to Tompkins' motion in limine. By granting the State's request to amend the complaint, the district court implicitly found good cause and exercised its discretion to resolve the untimely motion.

[¶7] Tompkins' motion in limine asserted the complaint was defective for two reasons. First, that the complaint improperly charged Tompkins with DUI and APC as one offense. Second, that the complaint provided Tompkins could be guilty of DUI and APC if he was found to be under the influence of intoxicating liquor or refused a chemical test. Pursuant to the district court's order resolving the motion in limine, the State was allowed to amend the complaint. The State's amendment alleged two counts. Count 1 alleged Tompkins committed DUI by being "under the influence of an intoxicating liquor; and/or []refused to submit to a chemical test[.]" Count 2 alleged Tompkins committed APC by being "under the influence of an intoxicating liquor; and/or []refused to

3

submit to a chemical test[.]" The amended complaint resolved the first issue raised in the motion in limine by separating the offense of DUI from the offense of APC, but failed to correct the second issue by allowing a conviction for DUI or APC to include either being under the influence or refusing to submit to a chemical test.

[¶8] The case proceeded to trial and Tompkins objected to the jury instructions and verdict form. "To preserve an issue concerning jury instructions for review, a defendant must request an instruction as required by N.D.R.Crim.P. 30(a) or object to an instruction as required by N.D.R.Crim.P. 30(c)." *State v. Roberts*, 2021 ND 235, ¶ 11, 968 N.W.2d 183 (quoting *State v. Mertz,* 2012 ND 145, ¶ 9, 818 N.W.2d 782). N.D.R.Crim.P. 30(c)(1) requires a party to object to jury instructions on the record and state distinctly the matter objected to and the grounds of the objection. Tompkins complied with the requirements of Rule 30(c)(1).

[¶9] Here, Tompkins filed an untimely pretrial motion. The district court exercised its discretion to rule on the motion and allowed the State to amend the complaint to correct the alleged deficiencies. The amended complaint corrected one of the alleged deficiencies, but failed to correct the second alleged deficiency. When Tompkins was presented with the proposed jury instructions and verdict form during the trial, it became apparent the State was not addressing the second error alleged in his earlier motion. Tompkins timely objected to the instructions and verdict form. We conclude, under the circumstances presented in this case, Tompkins preserved the issue for appeal.

### III

[¶10] Tompkins argues the jury instructions misstate the applicable law by allowing the jury to convict Tompkins of DUI and APC without unanimously agreeing whether Tompkins was under the influence or refused to submit to a chemical test. Tompkins argues committing DUI or APC by being under the influence of an intoxicating substance are separate offenses from refusing a chemical test and not alternative methods of proving the same crime.

[¶11] This Court has recognized the following:

4

Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury. We view the instructions as a whole to determine if they correctly and adequately inform the jury. A court errs if it refuses to instruct the jury on an issue that has been adequately raised, but the court may refuse to give an instruction that is irrelevant or inapplicable.

*State v. Pulkrabek*, 2017 ND 203, ¶ 6, 900 N.W.2d 798 (quoting *State v. Martinez*, 2015 ND 173, ¶ 8, 865 N.W.2d 391).

[¶12] The language of N.D.C.C. § 39-08-01 unambiguously provides committing DUI or APC by being under the influence of an intoxicating liquor and refusing to submit to a chemical test are separate offenses and not alternative methods of committing DUI or APC. Section 39-08-01(1) reads as follows:

> 1. A person may not drive or be in actual physical control of any vehicle upon a highway or upon public or private areas to which the public has a right of access for vehicular use in this state if any of the following apply:
>     a. That person has an alcohol concentration of at least eight one-hundredths of one percent by weight at the time of the performance of a chemical test within two hours after the driving or being in actual physical control of a vehicle.
>     b. That person is under the influence of intoxicating liquor.
>     c. That person is under the influence of any drug or substance or combination of drugs or substances to a degree which renders that person incapable of safely driving.
>     d. That person is under the combined influence of alcohol and any other drugs or substances to a degree which renders that person incapable of safely driving.
>     e. That individual refuses to submit to any of the following:
>         (1) A chemical test, or tests, of the individual's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine, at the direction of a law enforcement officer under section 39-06.2-10.2 if the individual is driving or is in actual physical control of a commercial motor vehicle; or

(2) A chemical test, or tests, of the individual's blood, breath, or urine to determine the alcohol concentration or presence of other drugs, or combination thereof, in the individual's blood, breath, or urine, at the direction of a law enforcement officer under section 39-20-01.

f. Subdivision e does not apply to an individual unless the individual has been advised of the consequences of refusing a chemical test consistent with the Constitution of the United States and the Constitution of North Dakota.

. . . If the individual violated subdivisions a, b, c, or d of this subsection and subdivision e of this subsection and the violations arose from the same incident, for purposes of suspension or revocation of an operator's license, the violations are deemed a single violation and the court shall forward to the department of transportation only the conviction for driving under the influence or actual physical control.

[¶13] Subsection (e) of N.D.C.C. § 39-08-01(1) is exclusive of subsection (b) of N.D.C.C. § 39-08-01(1). Subsection (e) defines the offense of refusal to submit to a chemical test. N.D.C.C. § 39-08-01(1)(e). Subsection (b) defines the offenses of driving or being in actual physical control while under the influence of an intoxicating liquor. N.D.C.C. § 39-08-01(b). Driving or being in actual physical control while under the influence of an intoxicating liquor requires a party to be under the influence of alcohol. Refusal to submit to a chemical test requires only a refusal to take a test when asked and does not require the party to be under the influence of alcohol. Therefore, refusal to submit to a chemical test is a separate offense from driving or being in actual physical control while under the influence of intoxicating liquor.

[¶14] Section 39-08-01(1), N.D.C.C., supports this conclusion:

If the individual violated subdivisions a, b, c, or d of this subsection and subdivision e of this subsection and the violations arose from the same incident, for purposes of suspension or revocation of an operator's license, the violations are deemed a single violation and the court shall forward to the department of transportation only the

6

conviction for driving under the influence or actual physical control.

The statute unambiguously provides subsection (b) and subsection (e) are separate offenses for the purposes of the statute and only treated as a single violation when reported to the department of transportation.

[¶15] The jury instructions allowed the jury to find Tompkins guilty of both the offense of driving and the offense of being in actual physical control by finding Tompkins was either under the influence of an intoxicating liquor or refused to submit to a chemical test. The North Dakota Constitution requires all verdicts in criminal cases to be unanimous. N.D. Const. art. I, § 13. The instructions allowed the jury to convict Tompkins without unanimously agreeing what was the singular criminal act Tompkins committed. Because refusal to submit to a chemical test is a separate offense from driving or being in actual physical control while under the influence of an intoxicating liquor, the jury was required to unanimously agree as to which criminal act Tompkins committed; whether he was under the influence of an intoxicating liquor or whether he refused to submit to a chemical test. The jury instructions incorrectly described the law and allowed the jury to convict Tompkins without unanimously agreeing whether Tompkins refused a chemical test or had been under the influence of an intoxicating liquor.

[¶16] "If, as a whole, an instruction is erroneous, relates to a central subject in the case, and affects a substantial right of the accused, we will reverse for that error." *State v. Marshall*, 531 N.W.2d 284, 287 (N.D. 1995). As described above, the instructions were erroneous. The jury instructions provided the jury with the law applicable to convict Tompkins, but did not require the jury to unanimously agree as to the criminal act Tompkins committed. Therefore, the jury instructions violated Tompkins' constitutional right and constitute reversible error. N.D. Const. art. 1, § 13.

IV

[¶17] Section 39-08-01(1), N.D.C.C., provides that refusal to submit to a chemical test and driving or being in actual physical control while under the

7

influence of an intoxicating liquor are separate offenses. The jury instructions impermissibly allowed the jury to convict Tompkins without unanimously agreeing as to the singular criminal act Tompkins committed. We reverse the judgment and remand for a new trial.

[¶18] Jon J. Jensen, C.J.
     Daniel J. Crothers
     Lisa Fair McEvers
     Jerod E. Tufte
     Douglas A. Bahr