# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 8

State of North Dakota,                                      Plaintiff and Appellee

v.

Mandy Deann Olson,                                      Defendant and Appellant

## No. 20250264

Appeal from the District Court of Wells County, Southeast Judicial District, the Honorable James D. Hovey, Judge.

AFFIRMED.

Opinion of the Court by Bahr, Justice.

Oliver W. Bromke, State's Attorney, Fessenden, ND, for plaintiff and appellee; on brief.

Mandy D. Olson, self-represented, Strasburg, ND, defendant and appellant; on brief.

**Bahr, Justice.**

[¶1]   Mandy Olson appeals from a jury's verdict finding her guilty of practicing law without a license. We affirm the criminal judgment.

I

[¶2]   The State charged Mandy Olson with practicing law without a license under N.D.C.C. § 27-11-01, a class A misdemeanor. The charge arose from court filings she submitted on October 20, 2024, in Wells County District Court case no. 52-2024-CR-00047, on behalf of Eric Grewe. The filings included a notice of motion, a motion for judgment of acquittal, a declaration, and a certificate of service. Each document began, "Defendant, Eric Grewe, by and through his representative . . . ." The notice of motion was signed:

> Respectfully Submitted,
> Mandy Olson
> Representing Incarcerated Individual
> Eric Grewe
> Defendant, Pro Se

The other documents were signed:

> Respectfully Submitted,
> Mandy Olson
> [Email]
> [Address]
> Representing Incarcerated Individual
> Eric Grewe
> Defendant, Pro Se

[¶3]   On January 16, 2025, the district court found probable cause and signed the information. The court also signed an arrest warrant for Olson. A sheriff arrested Olson on February 27, 2025.

[¶4]   Olson filed multiple pretrial motions, including a motion to dismiss or exclude untimely discovery. The State responded by seeking contempt sanctions against Olson. After receiving the responses and hearing argument, the district court denied Olson's motion to dismiss and the State's motion for sanctions. Subsequently, the State moved to amend the information to expand the date of the alleged offense from "on or about November 6, 2024 to January 7, 2025" to "on or about October 20, 2024 to January 7, 2025." After Olson responded, the court granted the motion.

[¶5]   The district court held a jury trial on June 27, 2025. During the pretrial conference the day of trial, the State argued the charge of practicing law without a license is a strict liability offense and requested the court remove the mens rea element from the jury instructions. After the State and Olson provided argument regarding whether the offense was a strict liability offense, the court granted the State's motion to exclude the mens rea element from the instructions.

[¶6]   At trial, after both parties presented their cases, the district court excused the jury from the courtroom and discussed the jury instructions with the parties. The court explained it intended to remove the mens rea element from the instructions. After further argument, the court stated, "So, anyway, I've made my ruling on that already." It then asked, "As to the rest of that instruction, do you have any objections?" Olson responded, "No."

[¶7]   The jury found Olson guilty. The district court sentenced Olson and entered a criminal judgment.

II

[¶8]   Olson appeals her conviction for practicing law without a license. She raises eight issues on appeal.

A

[¶9]   The State argues Olson only raised four of her eight issues to the district court.

2

[¶10] Rule 28(b)(7)(B)(ii), N.D.R.App.P., requires the appellant's brief contain "citation to the record showing that the issue was preserved for review; or a statement of grounds for seeking review of an issue not preserved[.]" Olson's brief does not cite to the record to show she preserved her arguments. Her brief also provides no argument regarding why this Court can review the issues if they were not raised at the district court. Olson's brief does not meet the minimum requirements of Rule 28(b)(7). We will only consider the issues raised in Olson's brief which the State concedes, and we can determine, were raised to the district court. *See Anderson v. Krueger*, 2025 ND 161, ¶ 10, 26 N.W.3d 556 ("It is well established that an issue not presented to the trial court will not be considered for the first time on appeal." (quoting *Peters-Riemers v. Riemers*, 2001 ND 62, ¶ 23, 624 N.W.2d 83)); *Edwards v. State*, 2025 ND 43, ¶ 14, 17 N.W.3d 542 (declining to address issue when the "appellate brief contains no citation to the record identifying where he preserved the issue for review as required by N.D.R.App.P. 28(b)(7)(B)(ii)").

[¶11] Rule 28(b)(6) and (f), N.D.R.App.P., require briefs include references to the record. *See also* N.D.R.App.P. 30(a) ("In any document submitted to the supreme court, references to evidence or other parts of the record must include a citation to a register of actions index number or to the location in the recording where such evidence or other material appears. The reference must include, either in the document text or the citation itself, information identifying the item[.]"). Olson's brief contains many factual statements that lack a reference to the record. "We are not ferrets, obligated to engage in unassisted searches of the record for evidence to support a party's position, and we will not consider arguments not adequately articulated, supported, and briefed." *State v. Gates*, 2020 ND 237, ¶ 8, 951 N.W.2d 223. Olson's brief does not meet the minimum requirements of Rule 28(b)(6) and (f). We will not consider factual issues raised by Olson because she did not provide references to the record. *See Field v. Field*, 2024 ND 84, ¶ 10, 6 N.W.3d 595 (declining to address arguments that lacked "citations to legal authority and evidence in the record").

B

[¶12] Olson contends law enforcement unlawfully accessed jail phone calls and text messages between Grewe and her without a warrant, subpoena, or consent, in violation of the Fourth Amendment and the Wiretap Act. Olson raised this issue in her motion to dismiss.

[¶13] The district court denied Olson's motion to dismiss because it was untimely under N.D.R.Crim.P. 12 and 47. Rule 12(c)(1) provides the court may set a deadline for the parties to make pretrial motions. Rule 12(b)(3) provides, "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely." Rule 47, N.D.R.Crim.P., addresses motions generally. It provides a party must serve a written motion "at least 21 days before the hearing date, unless a rule or court order sets a different period." N.D.R.Crim.P. 47(c).

[¶14] The district court issued a pretrial conference order. The order states, "All pretrial motions shall be served on opposing counsel and filed with the Court at least twenty-one (21) days prior to the pretrial conference." On April 28, 2025, the court entered a notice setting the pretrial conference and trial for June 27, 2025. Olson filed her motion to dismiss on June 11, 2025.

[¶15] Olson does not argue the district court erred in determining her motion to dismiss was untimely. She also does not argue the court abused its discretion by denying her motion to dismiss as untimely.

[¶16] The district court did not err in determining Olson's motion to dismiss was untimely. Olson has not demonstrated the court abused its discretion by denying her motion to dismiss as untimely.

C

[¶17] Olson argues the district court erred in allowing the State to amend the information to expand the offense date after she filed a motion to dismiss. Olson preserved this issue by filing an objection to the State's motion and her argument at the pretrial conference.

4

[¶18] "A decision on a motion to amend a pleading is addressed to the sound discretion of the district court and will not be reversed on appeal unless the court abused its discretion." *Alerus Financial, N.A. v. Erwin*, 2018 ND 119, ¶ 10, 911 N.W.2d 296 (quoting *Yesel v. Brandon*, 2015 ND 195, ¶ 18, 867 N.W.2d 677). "A court abuses its discretion when it acts in an arbitrary, unreasonable, or capricious manner, or if its decision is not the product of a rational mental process leading to a reasoned determination, or if it misinterprets or misapplies the law." *State v. Miller*, 2025 ND 188, ¶ 7, 27 N.W.3d 428 (cleaned up).

[¶19] Rejecting Olson's argument, the district court stated, "Rule 7 allows informations to be amended anytime before trial as long as they do not charge an additional or different offense. The Court finds that the State has not sought to charge a different or additional offense."

[¶20] Under N.D.R.Crim.P. 7(e), "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." The amendment here expanded when the offense may have occurred by approximately two weeks; it did not charge a new offense or alter the essential elements of the offense.

[¶21] The original information included the language "on or about," meaning the State did not have to prove the offense occurred within the exact dates identified in the information. Also, the original information and the amended information specifically alleged Olson practiced law without a license "in the Wells County District Court and/or the Supreme Court of North Dakota an action or proceeding against Eric James Grewe in ND Case No. 52-2024-CR-00047 and/or its associated appeal ND Case No. 20250010," putting Olson on notice of her specific actions the State alleged constituted the charged offense. Olson has not shown a substantial right was prejudiced by the amendment to the information.

[¶22] Olson has not demonstrated the district court abused its discretion by granting the State's motion to amend the information.

D

[¶23] Olson contends the district court unconstitutionally removed "knowingly" from the jury instructions, changing the offense to a strict liability offense. Olson preserved this issue by arguing the mens rea element should not be removed from the jury instructions. *See* N.D.R.Ev. 103, Explanatory Note ("The purpose of subdivision (a) is to give the trial court an adequate basis for making a ruling, and to create a record that will permit informed appellate review."); *N.B. v. Terwilliger*, 2021 ND 74, ¶ 20, 958 N.W.2d 487 (holding appellant did not waive the issue when appellant raised the argument at the hearing and the court subsequently ruled on it).

[¶24] "Jury instructions must correctly and adequately inform the jury of the applicable law and must not mislead or confuse the jury." *State v. Roller*, 2024 ND 180, ¶ 11, 11 N.W.3d 864 (quoting *State v. Martinez*, 2015 ND 173, ¶ 8, 865 N.W.2d 391). "We review the instructions as a whole to determine whether they correctly and adequately advise the jury of the applicable law even if part of the instruction standing alone may be insufficient or erroneous." *Id.* (quoting *State v. Gaddie*, 2022 ND 44, ¶ 6, 971 N.W.2d 811).

[¶25] Our standard of review for interpreting a criminal statute is well-established:

> Construction of a criminal statute is a question of law, fully reviewable by this Court. Our primary goal in interpreting statutes is to ascertain the Legislature's intentions. In ascertaining legislative intent, we first look to the statutory language and give the language its plain, ordinary and commonly understood meaning. We interpret statutes to give meaning and effect to every word, phrase, and sentence, and do not adopt a construction which would render part of the statute mere surplusage. When a statute's language is ambiguous because it is susceptible to differing but rational meanings, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain the Legislature's intent. We construe ambiguous criminal statutes against the government and in favor of the defendant.

*State v. McCreary*, 2021 ND 212, ¶ 8, 967 N.W.2d 447 (quoting *State v. Buchholz*, 2005 ND 30, ¶ 6, 692 N.W.2d 105).

[¶26] Section 27-11-01, N.D.C.C., provides:

> Except as otherwise provided by state law or supreme court rule, a person may not practice law, act as an attorney or counselor at law in this state, or commence, conduct, or defend in any court of record of this state, any action or proceeding in which the person is not a party concerned, nor may a person be qualified to serve on a court of record unless that person has:
> 1. Secured from the supreme court a certificate of admission to the bar of this state; and
> 2. Secured an annual license therefor from the state board of law examiners.
> Any person who violates this section is guilty of a class A misdemeanor.

[¶27] Section 27-11-01, N.D.C.C., does not have a culpability requirement. Olson does not argue otherwise. However, she asserts, "Under N.D.C.C. § 12.1-02-02(2), if a statute defining an offense does not specify a mental state, the default is that the offense requires the actor to act willfully, encompassing intentional, knowing, or reckless conduct." Section 12.1-02-02(2) provides, "If a statute or regulation thereunder defining a crime does not specify any culpability and does not provide explicitly that a person may be guilty without culpability, the culpability that is required is willfully." Section 12.1-02-02(2)'s culpability requirement, however, applies only to the offenses or crimes described in N.D.C.C. Title 12.1. Section 12.1-02-02(1) limits the section's application, stating "[f]or the purposes of this title[.]" Section 12.1-02-02(5) provides, "Culpability is not required as to the fact that conduct is an offense, except as otherwise expressly provided in a provision outside this title." Based on section 12.1-02-02's plain language, this Court has repeatedly held section 12.1-02-02 applies only to Title 12.1, and the willful culpability level will not be read into other chapters unless the Legislature specifically so states. *See State v. Montplaisir*, 2015 ND 237, ¶ 32, 869 N.W.2d 435; *State v. Knowels*, 2002 ND 62, ¶ 12, 643 N.W.2d 20; *State v. Glass*, 2000 ND 212, ¶ 17, 620 N.W.2d 146. Olson offers no evidence the legislature intended to apply section 12.1-02-02(2) to section 27-11-01.

[¶28] Section 27-11-01, N.D.C.C., does not have a culpability requirement. It is a strict-liability statute.

[¶29] The instructions fairly and adequately informed the jury of the law. The district court did not err by removing the mens rea element from the instructions.

## III

[¶30] Olson's remaining arguments are inadequately briefed, not properly before this Court, without merit, or unnecessary to our decision. We affirm the criminal judgment.

[¶31]  Lisa Fair McEvers, C.J.
      Daniel J. Crothers
      Jerod E. Tufte
      Jon J. Jensen
      Douglas A. Bahr